Peter G. Bertling #131602
Jemma Parker Saunders #227962
BERTLING & CLAUSEN L.L.P.
15 West Carrillo Street, Suite 100
Santa Barbara, California 93101
Telephone: (805) 892-2100
Facsimile: (805) 963-6044
pgb@bertling-clausen.com
jps@bertling-clausen.com

Attorneys for Defendants
CALIFORNIA FORENSIC MEDICAL GROUP,
TAYLOR FITHIAN, M.D., RONALD POLLACK, M.D.
and PAUL ADLER, M.D.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.S., an Individual by and through his Guardian Ad Litem, MARY RODGERS-VEY, and O.M., an Individual by and through his Guardian Ad Litem, ADRIAN MOJICA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF VENTURA; VENTURA COUNTY SHERIFF'S OFFICE; VENTURA COUNTY SHERIFF GEOFF DEAN, an Official; CALIFORNIA FORENSIC MEDICAL GROUP; TAYLOR FITHIAN, an Official as Director of California Forensic Medical Group; PAUL ADLER, M.D., an Official as Director of California Forensic Medical Group, RONALD POLLACK, M.D., an Official; CALIFORNIA DEPARTMENT OF STATE HOSPITALS; PAM AHLIN, an Official as Director of California Department of State Hospitals; PATTON STATE HOSPITAL; HARRY OREOL, an Official as Director of Patton State Hospital; MHM SERVICES OF CALIFORNIA, INC.; MARCUS LOPEZ, an Official as Director of MHM Services of California, Inc.; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:16-cv-03084-BRO-RAO<br><br>**DEFENDANTS CALIFORNIA FORENSIC MEDICAL GROUP, INC., TAYLOR FITHIAN, M.D., RONALD POLLACK, M.D. AND PAUL ADLER, M.D.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE 12(b)(6)**<br><br>Hearing Date: October 24, 2016<br>Hearing Time: 1:30 p.m.<br>Hearing Dept.: 14<br><br>Action Filed: May 4, 2016<br>Pre-Trial Conference:<br>Trial Date:<br>Judge: Hon. Beverly Reid O'connell<br>Ctrm: 14 |

# **TABLE OF CONTENTS**

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

I.  INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

II.  ENABLING AUTHORITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

III.  ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

     A.    Plaintiffs' First Cause of Action Against Dr. Pollack, Dr. Fithian and Dr. Adler Should be Dismissed Because Plaintiffs Have Failed to Plead Any Claims Pursuant to 42 U.S.C. §1983 with Specificity Against Them . . 8

     B.    Plaintiffs' First Cause of Action Against CFMG Should be Dismissed Because Plaintiffs have failed to plead a claims pursuant to 42 U.S.C. §1983 with specificity against CFMG . . . . . . . . . . . . . . . . . . . . . . . . . . 10

     C.    Plaintiffs' Second Cause of Action Against CFMG Should be Dismissed Because Title II Does Not Apply to CFMG at the Ventura County Jail. . . 11

     D.    Plaintiffs' Agreed to Dismiss the Third Cause of Action Against CFMG Without Prejudice . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

     E.    Plaintiffs' Fifth Cause of Action Against the CFMG Defendants Should be Dismissed Because Plaintiffs Have Failed to Plead Unruh Act Violations Against Any of Them . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

     F.    Plaintiffs' Sixth Cause of Action Against the CFMG Defendants Should be Dismissed Because Plaintiffs Have Failed to Plead a Violation of California Civil Code §54 Against Any of Them. . . . . . . . . . . . . . . . . . 15

     G.    Plaintiffs' Seventh Cause of Action Against the CFMG Defendants Should be Dismissed Because Plaintiffs Have Failed to State a Claim Against Any of the CFMG Defendants for Violation of the Bane Act . . . . . . . . . . . . . 17

V.     CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

///

///

**DEFENDANTS CALIFORNIA FORENSIC MEDICAL GROUP, INC., TAYLOR FITHIAN, M.D., RONALD POLLACK, M.D. AND PAUL ADLER, M.D.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE 12(b)(6)**

1

## TABLE OF AUTHORITIES

**Page(s)**

2

3

**Case Law**
**Supreme Court of the United States**

4

*Ashcroft v. Iqbal*
    556 U.S. 662, 678 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10, 11

5

*Bell Atlantic Corp. v. Twombly*
    550 U.S. 544, 550 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

6

7

*City of Canton v. Harris*
    489 U.S. 378 (1989). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

8

*Monell v. Dept. of Social Services*
    436 U.S. 658 (1978). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 10, 11

9

10

11

**Other Federal Cases**

12

*Anderson v. County of Siskiyou*
    2010 U.S. Dist. LEXIS 99927 (N.D. Cal. Sept. 13, 2010). . . . . . . . . . . . . . . . . 14

13

*Balistreri v. Pacifica Police Dept.*
    901 F.2d 696,699 (9th Cir. Cal. 1988). . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 10, 13

14

*Carrea v. California*
    2009 U.S. Dist. LEXIS 133867 (C.D. Cal. May 22, 2009). . . . . . . . . . . . . . . 11

15

16

*Cupolo v. modern Rapid Transit*
    5 F.Supp.2d 1078 (N.D. Cal. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

17

*Doe v. Detroit Bd. of Educ.*
    310 F.Supp.2d 871 (E.D. Mich. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

18

19

*Duvall v. County of Kitsap*
    260 F.3d 1124, 1135, 1138 (9th Cir. Wash. 2001). . . . . . . . . . . . . . . . . . . . . . . 12

20

*Edison v. Douberly*
    604 F.3d 1307 (11th Cir. Fla. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

21

22

*Estate of Bock v. County of Sutter*
    2012 U.S. Dist. LEXIS 15720 (E.D. Cal. Feb 7, 2012). . . . . . . . . . . . . . . . . 14

23

24

*Francis v. California*
    2004 U.S. Dist. LEXIS 16816 (N.D. Cal. Aug. 10, 2004). . . . . . . . . . . . . . . 18

25

*Gant v. County of Los Angeles*
    F.Supp.2d 1238 (C.D. Cal. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

26

///

27

///

28

## TABLE OF AUTHORITIES (CONTINUED)

Page(s)

*Johnson v. Beahm*
2011 U.S. Dist. LEXIS 129341 (E.D. Cal. Nov. 7, 2011). . . . . . . . . . . . . . . . 14

*Jeffers v. Gomez*
267 F.3d 895, 915 (9th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Larez v. City of Los Angeles*
946 F.2d 630,646 (9th Cir. Cal. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*Lyall v. City of L.A.*
807 F.3d 1178, 1196 (9th Cir. 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Mannich v. Kaiser Found. Health Plan, Inc.,*
2006 U.S. Dist. LEXIS 57173 (N.D. Cal. July 31, 2006).. . . . . . . . . . . . . . . 16

*Martin v. County of San Diego,*
2012 U.S. Dist. LEXIS 29436 (S.D. Cal. Mar. 6, 2012). . . . . . . . . . . . . . . . 17

*McCray v. Veneman*
298 F.Supp.2d 13 (D.C.D.C. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Mendez v. County of Alameda*
2005 U.S. Dist. LEXIS 31921 (N.D. Cal. Nov. 22, 2005). . . . . . . . . . . . . . . 17

*Mueller v. Gallina*
311 F.Supp. 2d 606 (E.D. Mich. 2004).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Port Auth v. Arcadian Corp.*
189 F.3d 305 (3rd Cir. N.J. 1999).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Redman v. County of San Diego*
942 F.2d 1435, 1446 (9th Cir. Cal. 1991).. . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Shaymus v. Tulare County*
2015 U.S. Dist. LEXIS 70828 (E.D. Cal. May 29, 2015). . . . . . . . . . . . . . . 15

*Taormina v. California Dep't of Corrections*
946 F.Supp. 829, 834(S.D. Cal. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Taylor v. List*
880 F.2d 1040, 1045 (9th Cir. Nev. 1989). . . . . . . . . . . . . . . . . . . . . . . 6, 9, 10

*Weinreich v. Los Angeles County Metro. Transp. Auth.*
114 F.3d 976,978 (9th Cir. Cal. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Wilkins-Jones v. County of Alameda*
859 F.Supp. 2d 1039, 1048 (N.D. Cal. 2012) .. . . . . . . . . . . . . . . . . . . 12, 13, 14, 15

///

///

### TABLE OF AUTHORITIES (CONTINUED)

Page(s)

#### California Court of Appeal Cases

*Bay Area Rapid Transit Dist. v. Superior Court*
38 Cal.App.141 (Cal.App.1st Dist. 1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Modern Development Co. v. Navigators Ins. Co.*
111 Cal.App.4th 932 (Cal.App.2d Dist. 2003). . . . . . . . . . . . . . . . . . . . . . . . . 16

*Shoyoye (Adetokunbo) v. County of Los Angeles*
2012 Cal.LEXIS 4177 (Cal. May 9, 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Shoyoye v. County of Los Angeles*
203 Cal.App.4th 947 (Cal.App.2d Dist. 2012). . . . . . . . . . . . . . . . . . . . . . . . . 18

#### Federal Codes and Rules

**Code of Federal Regulations**

42 U.S.C. §1983. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8, 10, 11, 17
42 U.S.C. §12131 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 12
42 U.S.C. §12132 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 13

**Federal Rules of Civil Procedure, Rule**

8 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10
T2, 12(b)(6). . . . . . . . . . . . . . . . 6, 7, 8, 10, 11, 12, 13, 15, 16, 19

#### California Codes

**California Civil Code**

§52.1(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 17
§54. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 15, 16

#### CM/ECF Documents

Document No. 17
*First Amended* Class Action Complaint for Declaratory and
Injunctive Relief . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8, 9, 10, 14, 18, 19

1    Defendants CALIFORNIA FORENSIC MEDICAL GROUP, INC., TAYLOR

2 FITHIAN, M.D., RONALD POLLACK, M.D. and PAUL ADLER, M.D. (collectively

3 "CFMG Defendants") hereby submit these points and authorities in support of their

4 Motion to Dismiss Plaintiff's First Amended Complaint:

5 **I. INTRODUCTION**.

6    Plaintiffs' First Amended Complaint contains seven separate causes of action

7 concerning inmates adjudicated incompetent to stand trial (IST) in the Ventura County

8 Jail. Specifically, plaintiffs purport to describe a putative class of individuals who have

9 been deemed IST and whom, through various mechanisms set in place by the County of

10 Ventura and the State of California, have allegedly been untimely transferred for

11 treatment to State Hospitals to be restored to competency. Plaintiffs allege the delays in

12 transfers for treatment creates a domino effect of further delays in the detainees'

13 restorative treatment and criminal trials. See e.g., Plaintiffs' First Amended Complaint

14 ¶¶50-58, Document No. 17.

15    Defendant California Forensic Medical Group, Inc. ("CFMG") is a private

16 company contracted by the County of Ventura to provide medical and mental health

17 care to inmates of the Ventura County Jail. CFMG is not contracted to provide

18 restorative care to the inmates of the Ventura County Jail.  Plaintiffs' First Amended

19 Complaint, ¶61, Document No. 17.  Defendants Pollack and Adler are CFMG

20 physicians practicing at the Ventura County Jail, and Defendant Fithian is a physician

21 and co-founder of CFMG. See Plaintiffs' First Amended Complaint, ¶¶37-40,

22 Document No. 17.

23    CFMG Defendants now move to dismiss plaintiffs' First through Third and Fifth

24 through Seventh Causes of Action against them on the basis that plaintiffs have failed

25 to state a claim pursuant to Rule 12(b)(6).  Specifically, CFMG Defendants move:

26 1) plaintiffs have failed to plead any claims pursuant to 42 U.S.C. §1983 with

27 specificity against Dr. Pollack, Dr. Fithian or Dr. Adler, nor have they specifically

28 plead a *Monell v. Dept. of Social Services* (1977) 436 U.S. 658 claim against CFMG; 2)

1  CFMG is not a public entity pursuant to 42 U.S.C. §12131, therefore plaintiffs' ADA

2  Title II claim is inapplicable to CFMG; 3) Plaintiffs' claim against CFMG pursuant to

3  the Rehabilitation Act, (29 U.S.C. § 794(a) ), is invalid because CFMG does not receive

4  federal funding and plaintiffs have agreed to dismiss this Cause of Action against

5  CFMG Defendants without prejudice; 4) plaintiffs have failed to plead an Unruh Act

6  violation against any of the CFMG Defendants; 5) plaintiffs have failed to plead a

7  violation of California Civil Code §54 against any of the CFMG Defendants; and 6)

8  plaintiffs have failed to state a claim against any of the CFMG Defendants for violation

9  of the Bane Act, California Civil Code §52.1.  Defendants respectfully request this

10  Court grant their motion in its entirety.

11  **II.  ENABLING AUTHORITY**.

12       Federal Rule of Civil Procedure Rule 12 permits a party to assert defenses by

13  motion, including the defense of plaintiff's failure to state a claim upon which relief can

14  be granted.  Federal Rule of Civil Procedure Rule 12(b)(6).  Rule 12(b)(6) affords a

15  defendant an opportunity to test whether, as matter of law, plaintiff is entitled to legal

16  relief even if everything alleged in complaint is true. *Mueller v. Gallina* 311 F.Supp. 2d

17  606 (E.D. Mich. 2004). A Complaint cannot survive a Rule 12(b)(6) motion to dismiss

18  merely by setting forth all of elements of causes of action pled, since Rule 12(b)(6) was

19  also designed to screen out cases where a Complaint stated a claim based on a wrong

20  for which there was clearly no remedy and for which no relief could possibly be

21  granted. *Port Auth. v. Arcadian Corp.* 189 F.3d 305 (3d Cir. N.J. 1999). Dismissal of a

22  Complaint is appropriate when the Complainant fails to allege a cognizable legal theory

23  or sufficient facts to support such theory.  *Balistreri v. Pacifica Police Dept.* 901 F.2d

24  696, 699 (9th Cir. Cal. 1988) .

25       Additionally, Courts are not "bound to accept as true a legal conclusion couched

26  as a factual allegation." *Bell Atlantic Corp. v. Twombly* (2007) 550 U.S. 544, 550.

27  Rule 12(b)(6)  allows a defendant to test whether, as matter of law, a plaintiff is entitled

28  to legal relief even if everything alleged in complaint is true. *Doe v. Detroit Bd. of*

1    *Educ.* 310 F.Supp.2d 871 (E.D. Mich. 2004). A motion to dismiss pursuant to Rule

2    12(b)(6) is properly granted where, as here, it is clear that no relief could be granted

3    under any set of facts. *McCray v. Veneman* 298 F.Supp.2d 13 (D.C.D.C. 2002).

4        Moreover, a motion to dismiss is appropriately granted where a Complaint

5    contains merely conclusory pleading. Such conclusory pleading is disallowed by the

6    Federal Courts and specifically the Ninth Circuit. See e.g. *Balistreri v. Pacifica Police*

7    *Dept.* 901 F.2d 696, 699 (9th Cir. Cal. 1988) . Plaintiffs' First Amended Complaint

8    fails to state cognizable claims against the CFMG Defendants, therefore, on the

9    foregoing bases, and pursuant to Rule 12(b)(6), granting CFMG Defendants' Rule

10   12(b)(6) Motion to Dismiss is proper.

11 **III. ARGUMENT**.

12      **A.**     **Plaintiffs' First Cause of Action Against Dr. Pollack, Dr. Fithian and**

13                **Dr. Adler Should be Dismissed Because Plaintiffs Have Failed to Plead**

14                **Any Claims Pursuant to 42 U.S.C. §1983 with Specificity Against**

15                **Them.**

16        Neither the totality of plaintiffs' First Amended Complaint, nor paragraphs 97 to

17   110 purporting to lay the basis for a 42 U.S.C. §1983 claim against Dr. Pollack,

18   Dr. Fithian and  Dr. Adler make any allegations as to what these specific individual

19   defendants did or did not do which was a violation of plaintiffs' Constitutional Civil

20   Rights. Rather, plaintiffs have plead in a conclusory fashion, without so much as

21   mentioning their names, that Dr. Pollack, Dr. Adler and Dr. Fithian deprived plaintiffs

22   of their civil rights. See Plaintiffs' First Amended Complaint ¶¶97-110, Document No.

23   17. Such conclusory pleading is disallowed by the Federal Courts and specifically the

24   Ninth Circuit. See e.g. *Balistreri v. Pacifica Police Dept.* 901 F.2d 696, 699 (9th Cir.

25   Cal. 1988). This conclusory claim cannot withstand challenge and absent even the

26   barest allegations against them, the First Cause of Action should be dismissed for

27   Failure to State a Claim.

28   ///

1        No where in the First Amended Complaint do plaintiffs mention any specific

2  action or inaction by these physicians in relation to a plaintiff or putative class member.

3  See Plaintiffs' First Amended Complaint (in entirety), Document No. 17.  Aside from

4  stating their names in the "Parties" section of the pleading, there is no statement as to

5  how any of these individuals deprived plaintiffs of their civil rights.  Such absentee

6  pleading is in violation of Rule 8 and fails to state a claim against these defendants.

7        Further, to the extent plaintiffs' First Amended Complaint seeks to hold

8  Dr. Fithian, Dr. Pollack and Dr. Adler liable as supervisors, this too must be rejected for

9  failing to state a claim. These defendants, (alleged to be acting under color of

10  government law) may not be held liable for unconstitutional conduct of their

11  subordinates under a theory of *respondeat superior*, and in the absence of vicarious

12  liability, inapplicable to section 1983 actions, each physician is liable only for his own

13  individual misconduct. *Ashcroft v. Iqbal* (2009) 556 U.S. 662, 678.  The Supreme

14  Court has expressly rejected the notion that supervisory defendants can be liable based

15  on knowledge and acquiescence in a subordinate's unconstitutional conduct.  *Id.*

16  Accordingly, plaintiffs must establish each physician defendant, through the

17  physician's own individual actions, has violated the constitution.  *Id.*; see *Taylor v. List*

18  880 F.2d 1040, 1045 (9th Cir. Nev. 1989); *Larez v. City of Los Angeles* 946 F.2d 630,

19  646 (9th Cir. Cal. 1991).  Here, plaintiffs have wholly failed to plead any facts to

20  support the physicians' individual liabilities.  The First Cause of action therefore fails

21  against Dr. Pollack, Dr. Adler and Dr. Fithian.

22        Nor does it appear from the gravamen of this First Cause of Action that any

23  amendment to the First Amended Complaint would salvage plaintiffs' First Cause of

24  Action against Dr. Pollack, Dr. Fithian or Dr. Adler.  The totality of the allegations of

25  the First Cause of Action at paragraphs 97 to 110 concern the claimed deprivation of

26  rights regarding duration of confinement the plaintiffs and putative class members are

27  alleged to have suffered due to delays in receipt of care to restore these individuals to

28  competency to stand trial.  In this First Amended Complaint, there is not, nor can there

**DEFENDANTS CALIFORNIA FORENSIC MEDICAL GROUP, INC., TAYLOR FITHIAN, M.D., RONALD POLLACK, M.D. AND PAUL ADLER, M.D.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE 12(b)(6)**

1   ever be, any scintilla of an allegation that either Dr. Pollack, Dr. Fithian or Dr. Adler, as

2   medical and mental health professionals have any relation to these claims or issues. See

3   Plaintiffs' First Amended Complaint ¶¶97-110, Document No. 17.

4        Dr. Adler, Dr. Pollack and Dr. Fithian respectfully asset plaintiffs' First Cause of

5   Action fails to state a claim against them and should be dismissed pursuant to Rule 12.

6   **B.    Plaintiffs' First Cause of Action Against CFMG Should be Dismissed**

7   **Because Plaintiffs have failed to plead a claims pursuant to 42 U.S.C.**

8   **§1983 with specificity against CFMG.**

9        Similar to Dr. Fithian, Dr. Pollack and Dr. Adler, plaintiffs' 42 U.S.C. §1983

10  claims against CFMG likewise fail for conclusory pleading in violation of Rule 8 and

11  jurisprudence such as *Balistreri*, *supra*, at 699.  Plaintiffs' First Cause of Action in no

12  way sets forth any action or inaction CFMG as a corporation took or did not take which

13  deprived plaintiffs of their Constitutional Civil Rights.

14       Since each governmental entity is liable only for its own individual misconduct

15  pursuant to *Ashcroft* and the Supreme Court has expressly rejected the notion that a

16  supervisory defendant can be liable based on knowledge of, and acquiescence to, a

17  subordinate's unconstitutional conduct, the mere allegation that CFMG is in some way

18  "responsible" for plaintiffs' alleged deprivation of rights is insufficient to plead the

19  First Cause of Action against CFMG under 42 U.S.C. §1983.  *Taylor v. List* 880 F.2d

20  1040, 1045 (9th Cir. Nev. 1989); *Larez v. City of Los Angeles* 946 F.2d 630, 646 (9th

21  Cir. 1991); *Redman v. County of San Diego* 942 F.2d 1435, 1446 (9th Cir. Cal. 1991);

22  *Jeffers v. Gomez* 267 F.3d 895, 915 (9th Cir. 2001).

23       In addition, CFMG may not be held liable solely because it hired an employee

24  who became a constitutional wrongdoer.  *Monell v. Dept. of Social Services* (1978) 436

25  U.S. 658.  A municipality is subject to liability under 42 U.S.C. §1983 only when the

26  violation of an inmate's federally protected rights was caused by deliberate enforcement

27  of a municipal policy, custom, practice or decision of a final policymaker.  *Id.*  While

28  CFMG is not a "municipality," the principals of *Monell* and *Iqbal* apply to it and

1   plaintiffs must properly plead a claim under *Monell* and *Iqbal* to state a valid claim

2   against CFMG for violation of plaintiffs' civil rights.  See, e.g. *Carrea v. California*

3   2009 U.S. Dist. LEXIS 133867 (C.D. Cal. May 22, 2009)  ("district courts in the Ninth

4   Circuit have concluded that a private corporation is liable under section 1983 only

5   when its official policy or custom causes a deprivation of constitutional rights") at p.19.

6          With their First Amended Complaint, plaintiffs have failed to identify any

7   policies, customs, practices or final policymaker decisions by CFMG which caused the

8   alleged deprivation of their constitutional rights anywhere in their First Amended

9   Complaint.  Indeed, the only CFMG policy mentioned in plaintiffs' First Amended

10   Complaint is a statement at paragraph 62 that "[w]hile CFMG typically provides

11   medication management for people who are willing to take medications, they do not

12   administer medication involuntarily, except in an emergency."  There is no indication in

13   the First Amended Complaint how this medication practice somehow restricts

14   plaintiffs' Constitutional Civil Rights.  Therefore, aside from this brief and irrelevant

15   mention in paragraph 62, there is no further discussion as to any "policies, customs,

16   practices or final policymaker decisions by CFMG" which led to a violation of

17   plaintiffs' civil rights.  Therefore, pursuant to *Monell*, plaintiffs have failed to state a

18   claim against CFMG pursuant to 42 U.S.C. §1983.  In accord with Rule 12(b)(6),

19   CFMG's motion to dismiss should be granted.

20   **C.   Plaintiffs' Second Cause of Action Against CFMG Should be**

21   **Dismissed Because Title II Does Not Apply to CFMG at the Ventura**

22   **County Jail.**

23          Title II of the Americans with Disabilities Act provides in part: "no qualified

24   individual with a disability shall, by reason, of such disability, be excluded from

25   participation in or be denied benefits of the services, programs, or activities of a public

26   entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Public

27   entities are defined as: "(A) any State or local government; (B) any department, agency,

28   special purpose district, or other instrumentality of a State or States or local

**DEFENDANTS CALIFORNIA FORENSIC MEDICAL GROUP, INC., TAYLOR FITHIAN, M.D., RONALD POLLACK, M.D. AND PAUL ADLER, M.D.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE 12(b)(6)**

1  government; and (C) the National Railroad Passenger Corporation, and any commuter

2  authority....” 42 U.S.C. §12131.

3      A Title II ADA violation is established where a plaintiff proves that: “(1) he is a

4  ‘qualified individual with a disability’; (2) he was either excluded from participation in

5  or denied the benefits of a public entity’s services, programs, or activities, or was

6  otherwise discriminated against by the public entity; and (3) such exclusion, denial of

7  benefits, or discrimination was by reason of his disability.” *Duvall v. County of Kitsap*

8  260 F.3d 1124, 1135 (9th Cir. 2001) (citing *Weinreich v. Los Angeles County Metro.*

9  *Transp. Auth.* 114 F.3d 976, 978 (9th Cir. 1997)). In a disability action seeking

10  monetary relief, as here, a plaintiff must additionally prove intentional discrimination as

11  defined by the “deliberate indifference” standard. *Duvall*, 260 F.3d at 1138. “Deliberate

12  indifference requires both knowledge that a harm to a federally protected right is

13  substantially likely, and a failure to act upon that likelihood.” *Id.* at 1139 (citing *City of*

14  *Canton v. Harris* (1988) 489 U.S. 378, 389).

15      For the purposes of this motion alone, CFMG assumes plaintiffs have sufficiently

16  plead they were or are individuals with a disabilities.  CFMG moves to dismiss

17  plaintiffs’ Second Cause of Action on the basis that as a matter of law, it is not a public

18  entity as that term is defined by 42 U.S.C. §12131, therefore Title II is inapplicable to

19  CFMG.  Defendant’s motion to dismiss pursuant to Rule 12(b)(6) should be granted.

20      That Title II of the ADA is inapplicable to CFMG is undisputed.  Private

21  corporations providing jail medical programs are not public entities pursuant to Title II.

22  42 U.S.C §12131; *Edison v. Douberly* 604 F.3d 1307 (11th Cir. Fla. 2010);

23  *Wilkins-Jones v. County of Alameda* 859 F. Supp. 2d 1039 (N.D. Cal. 2012). Even

24  should this Court be compelled to look beyond the plain language of  42 U.S.C.

25  §12131, case law supports CFMG’s position.  For example, *Edison v. Douberly* 604

26  F.3d 1307 (11th Cir. Fla. 2010) analyzed whether a private jail medical corporation was

27  an “instrumentality of the state” such that Title II would apply to it.  *Edison*

28  resoundingly concluded that a private corporation is not a public entity (or an

1  instrumentality of a public entity) for the purposes of Title II merely because it
2  contracts with a public entity to provide some service.  *Id.* at 1310.  Further, *Wilkins-*
3  *Jones* specifically focused on whether a private corporation providing medical care in
4  the Alameda County Jail was subject to Title II of the ADA.  After a detailed analysis
5  of Title II, the Northern District Court in *Wilkins-Jones* concluded based on all
6  available jurisprudence, that it was not.  There is no significant difference between the
7  medical provider in *Wilkins-Jones* and CFMG in the instant matter.  Title II is simply
8  inapplicable to CFMG and plaintiffs can never state a claim against CFMG for a
9  violation of 42 U.S.C. § 12132.  Therefore, pursuant to Federal Rules of Civil
10 Procedure Rule 12(b)(6), Plaintiffs' Second Cause of Action for ADA violations must
11 be dismissed against CFMG without leave to amend.

12      **D.    Plaintiffs' Agree to Dismiss the Third Cause of Action Against CFMG**
13             **Without Prejudice.**

14      Pursuant to the parties' meet and confer efforts, plaintiffs have agreed to dismiss
15 their Third Cause of Action against CFMG without prejudice.

16      **E.    Plaintiffs' Fifth Cause of Action Against the CFMG Defendants**
17             **Should be Dismissed Because Plaintiffs Have Failed to Plead Unruh**
18             **Act Violations Against Any of Them.**

19      In addition to the failed ADA Title II pleading against CFMG, plaintiffs have
20 attempted to allege an Unruh Act violation against CFMG and the individual physicians
21 in the context of the Fifth Cause of Action.  These afterthought allegations also fail to
22 state a claim against CFMG as well as Dr. Pollack, Dr. Adler and Dr. Fithian and
23 should be dismissed pursuant to Federal Rule of Civil Procedure Rule 12(b)(6).  First,
24 as with their First Cause of Action for civil rights violations, plaintiffs have wholly
25 failed to direct any specific allegations of CFMG or the individual physicians alleged
26 wrongdoing or deprivation of rights pursuant to the Unruh Act.  Dismissal therefore is
27 proper since the pleading is so conclusory it cannot withstand scrutiny under *Balistreri*
28 *v. Pacifica Police Dept.* 901 F.2d 696, 699 (9th Cir. Cal. 1988).

13                          2:16-cv-03084-BRO-RAO

1    Moreover, neither CFMG nor Dr. Adler, Dr. Pollack or Dr. Fithian are a
2    "business establishment" as alleged by plaintiff at paragraph 154 of plaintiffs' First
3    Amended Complaint.  See Document No. 17.  Although the term "business
4    establishment" has been held to be interpreted in a broad manner, the Unruh Act is not
5    applicable to claims against correctional facilities.  Rather, several District Courts in
6    California have explicitly found that jails are not "business establishments" under the
7    Unruh Act.  See e.g. *Taormina v. California Dep't of Corrections* 946 F. Supp. 829,
8    834 (S.D. Cal. 1996); *Estate of Bock v. County of Sutter* 2012 U.S. Dist. LEXIS 15720
9    (E.D. Cal. Feb 7, 2012)  In a matter specifically involving CFMG and Corizon (a
10   similar jail medical services provider in California), the Eastern District Court's Chief
11   Judge Morrison England, Jr. found:

12   " 'To prevail on [a] disability discrimination claim under the Unruh Civil Rights
13   Act, [a] plaintiff must establish that (1) he was denied the full and equal
14   accommodations, advantages, facilities, privileges, or services in a business
15   establishment; (2) his disability was a motivating factor for this denial;
16   (3) defendants denied plaintiff the full and equal accommodations, advantages,
17   facilities, privileges, or services; and (4) defendants' wrongful conduct caused
18   plaintiff to suffer injury, damage, loss or harm.' *Wilkins-Jones v. County of
19   Alameda* 859 F. Supp. 2d 1039, 1048 (N.D. Cal. 2012) (quoting *Johnson v.
20   Beahm* No. 2:11-cv-0294-MCE-JFM, 2011 U.S. Dist. LEXIS 129341, 2011 WL
21   5508893, at *4 (E.D. Cal. Nov. 8, 2011)). This Court has explicitly joined other
22   California District Courts in holding that the Unruh Act does not apply to county
23   jails as they are not considered "business establishments." See *Estate of Bock v.
24   County of Sutter* No. 2:11-CV-00536-MCE, 2012 U.S. Dist. LEXIS 15720, 2012
25   WL 423704, at *10 (E.D. Cal. Feb. 8, 2012) [23] ; *Anderson v. County of
26   Siskiyou* No. C 10-01428 SBA, 2010 U.S. Dist. LEXIS 99927, 2010 WL
27   3619821, at *5-6 (N.D. Cal. Sept. 13, 2010); *Taormina v. California Dep't of
28   Corrections* 946 F. Supp. 829, 834 (S.D. Cal. 1996). Accordingly, the Unruh Act

1   claim must be DISMISSED without leave to amend." *Shaymus v. Tulare County*

2   2015 U.S. Dist. LEXIS 70828, pp. 22-23. (E.D. Cal. May 29, 2015)

3        Admittedly, and as plaintiffs have argued, the Northern District Court has

4   concluded differently as to the definition of a "business establishment." *Wilkins-Jones*

5   *v. County of Alameda* 859 F. Supp. 2d 1039, 1048 (N.D. Cal. 2012).  However, this

6   decision is in the numerical minority, as both the Southern and Eastern District Courts

7   have issued several decisions conversly.  Moreover, The issue does not appear to have

8   yet been directly analyzed or reported by a Court in this Central District.  CFMG

9   suggests, based on the overwhelming majority of influential precedent, the CFMG

10  Defendants are not a "business establishment", pursuant to Civil Code §51 and this

11  Court should join the Southern and Eastern District Courts with its decision.

12       The CFMG Defendants respectfully request this Court dismiss the Fifth Cause of

13  Action against them pursuant to Rule 12(b)(6).

14      **F.**    **Plaintiffs' Sixth Cause of Action Against the CFMG Defendants**

15            **Should be Dismissed Because Plaintiffs Have Failed to Plead a**

16            **Violation of California Civil Code §54 Against Any of Them.**

17  California Civil Code §54 provides in total:

18      "§54. Right to use public ways and facilities.   (a)  Individuals with disabilities

19      or medical conditions have the same right as the general public to the full and

20      free use of the streets, highways, sidewalks, walkways, public buildings, medical

21      facilities, including hospitals, clinics, and physicians' offices, public facilities,

22      and other public places.  (b)  For purposes of this section: (1) "Disability" means

23      any mental or physical disability as defined in Section 12926 of the Government

24      Code.  (2) "Medical condition" has the same meaning as defined in subdivision

25      (h) of Section 12926 of the Government Code.  (c)  A violation of the right of an

26      individual under the Americans with Disabilities Act of 1990 (Public Law

27      101-336) also constitutes a violation of this section."

28  ///

1    The plain language of California Civil Code §54 therefore concerns structural

2    barriers to access by disabled individuals.  Corresponding jurisprudence discussing

3    California Civil Code §54 pertains to inaccessible architectural features of various

4    public places.  For example, malfunctioning elevators were at issue in *Cupolo v. Bay*

5    *Area Rapid Transit* 5 F.Supp.2d 1078 (N.D. Cal. 1997), accessible restrooms were at

6    issue in *Modern Development Co. v. Navigators Ins. Co.* 111 Cal.App.4th 932

7    (Cal.App.2d Dist. 2003), and toilets and showers were the foundation of the matter of

8    *Mannick v. Kaiser Found. Health Plan, Inc.* 2006 U.S. Dist. LEXIS 57173 (N.D. Cal.

9    July 31, 2006).

10    Here, plaintiffs have failed to plead how California Civil Code §54 is applicable

11    to any of the CFMG Defendants.  The language of plaintiffs Sixth Cause of Action at

12    paragraphs 158 to 165 is solely legal conclusions absent any facts and does not in the

13    slightest indicate how, or upon what factual basis CFMG Defendants are liable for any

14    accommodations issues.  The First Amended Complaint merely states at paragraph 163

15    that "[b]y failing to provide accommodations, modifications, services and physical

16    access to the detainees and inmates with disabilities, Defendants are violating

17    California Civil Code §54, by denying detainees and inmates full access to the jail

18    programs, services and activities."  The First Amended Complaint is devoid as to how

19    CFMG or Dr. Adler, Dr. Pollack orDr. Fithian are denying plaintiffs physical access to

20    any aspect of the Ventura County Jail.  There is no nexus between Sixth Cause of

21    Action and the grievances of plaintiffs in their First Amended Complaint pertaining to

22    incarceration time and restoration to competency.

23    Given the pleading is devoid of facts as to these CFMG Defendants' liability

24    pursuant to California Civil Code §54, and given the inapplicability of section 54 to the

25    instant matter and CFMG Defendants, the Sixth Cause of Action should be dismissed

26    against CFMG Defendants for failing to state a claim pursuant to Rule 12(b)(6).

27    ///

28    ///

**G.     Plaintiffs' Seventh Cause of Action Against the CFMG Defendants Should be Dismissed Because Plaintiffs Have Failed to State a Claim Against Any of the CFMG Defendants for Violation of the Bane Act.**

The Bane Act, also known as the anti-hate crime statute, provides a basis for a civil action by any individual "if a person or persons whether or not acting under color of law, interferes by threats, intimidation or coercion or attempts to interfere by threats intimidation or coercion with the exercise or enjoyment by any individual or individuals of rights secured by the Constitutions or laws of the United States. . ." California Civil Code §52.1(a).  The Bane Act provides for a personal cause of action for the victim of a hate crime. *Bay Area Rapid Transit Dist. v. Superior Court* 38 Cal.App.4th 141 (Cal.App. 1st 1995) California Civil Code §52.1 is thus limited to plaintiffs who have directly been the subject of violence or threats. *Id.*  Plaintiffs have failed to state a claim against CFMG Defendants pursuant to this statute.

As a preliminary issue, a valid Bane Act violation must assert a claim distinct from that of a claim pursuant to 42 U.S.C. §1983. *Mendez v. County of Alameda* 2005 U.S. Dist. LEXIS 31921(N.D. Cal. 2005).  In *Mendez*, the Northern District Court dismissed a claim brought by a claimant who had not asserted any constitutional claim under section 52.1 that was distinct from his claims under 42 U.S.C. §1983. *Id.*  Here, as stated in parts II(A) and II(B) above, plaintiffs' First Amended Complaint's 42 U.S.C. §1983 claims are insufficient against CFMG, and the totality of Seventh Cause of Action for a Bane Act violation rests in total upon the (failed) claimed constitutional violations of the First Cause of Action.  This form of pleading is problematic because the Seventh Cause of Action obviously does not assert claims distinct from the inadequate constitutional claims asserted under the First Cause of Action, in contradiction to *Mendez*, *supra*.  See also *Martin v. County of San Diego* 2012 U.S. Dist. LEXIS 29436 (S.D. Cal. Mar. 6, 2012) . Second, the constitutional claims are invalid as to the CFMG Defendants in the first instance for the enumerated reasons set forth in parts II(A) and II(B) of this motion.  The liquidity of the foundation upon

1   which this Seventh Cause of Action rests is insufficient to support a Bane Act violation

2   by the CFMG defendants.

3       Next, the Seventh Cause of Action fails as to the CFMG Defendants because

4   plaintiffs must prove "interference with a legal right accompanied by a form of

5   coercion." *Francis v. California* 2004 U.S. Dist. LEXIS 16816 (N.D. Cal. Aug. 10,

6   2004).  It is an essential element of a Bane Act violation that the constitutional

7   violation be accompanied by "threats, intimidation or coercion."  Further, "where

8   coercion is inherent in the constitutional violation alleged, such as a wrongful detention

9   in a county jail, the statutory requirement of threats, intimidation, or coercion is not

10  met. There must be a showing of coercion independent from the coercion inherent in

11  the wrongful detention itself." *Shoyoye v. County of Los Angeles* 203 Cal.App.4th 947

12  (Cal.App.2d Dist. 2012) , review denied, *Shoyoye (Adetokunbo) v. County of Los*

13  *Angeles* 2012 Cal. LEXIS 4177 (Cal. 2012); See also *Gant v. County of Los Angeles*

14  765 F.Supp.2d 1238 (C.D. Cal. 2011), remanded on other grounds by *Gant v. County of*

15  *Los Angeles* 772 F.3d 608, 2014 (9th Cir. Cal., 2014).  Further, in *Lyall v. City of L.A.*

16  807 F.3d 1178, 1196 (9th Cir. 2015), the Ninth Circuit affirmed that a plaintiff must

17  allege threats or coercion beyond the coercion inherent in a detention in order to

18  recover under the Bane Act.

19      Here, plaintiffs' Seventh Cause of Action not only fails to describe any threats,

20  intimidation or coercion by the CFMG Defendants, the vague references to

21  "Defendants" threats, intimidation or coercion all pertains to the plaintiffs' alleged

22  wrongful detention, without more.  Plaintiffs' Seventh Cause of Action merely states

23  that through some undefined "coercion" "plaintiffs were kept in criminal custody

24  longer than they otherwise would be."  Plaintiffs' First Amended Complaint at ¶169,

25  Document No. 17.  Not only is the "coercion" undescribed, but based on the totality of

26  the Seventh Cause of Action, the alleged wrong was the wrongful detention, which has

27  previously been found an insufficient basis alone for a valid Bane Act claim.  Thus, the

28  essential element of threats, intimidation or coercion required for properly pleading a

1  Bane Act violation against the CFMG Defendants is omitted, and therefore plaintiffs

2  have failed to state a claim against these defendants.

3        Finally, the Seventh Cause of Action is conclusorily plead as to the CFMG

4  Defendants.  The Seventh Cause of Action, much like the other claims in plaintiffs'

5  First Amended Complaint, are utterly devoid of any allegations as to the basis for

6  CFMG and the individual physician defendants' liability for a Bane Act violation.

7  Indeed, this cause of action fails to mention CFMG or the physicians in any way.  See

8  Plaintiffs' First Amended Complaint, ¶¶166-172, Document No. 17.  The claim must be

9  dismissed pursuant to Rule 12(b)(6).

10  **IV.  CONCLUSION**.

11        For the foregoing reasons, defendants CALIFORNIA FORENSIC MEDICAL

12  GROUP, INC., TAYLOR FITHIAN, M.D., RONALD POLLACK, M.D. and PAUL

13  ADLER, M.D.  respectfully request this Court grant their Motion to Dismiss the First

14  and Second, and Fifth through Seventh Causes of Action against them from plaintiffs'

15  First Amended Complaint with prejudice.  Defendants further request this Court

16  dismiss the Third Cause of Action against them without prejudice.

17  DATED: September 12, 2016              BERTLING & CLAUSEN, L.L.P.

18

19

20                                        By:    */s/  Jemma Parker Saunders*
                                                 Peter G. Bertling
21                                               Jemma Parker Saunders
                                                 Attorneys for Defendants
22                                               CALIFORNIA FORENSIC
                                                 MEDICAL GROUP, TAYLOR
23                                               FITHIAN, M.D., RONALD
                                                 POLLACK, M.D., and PAUL
24                                               ADLER, M.D.

25

26

27

28

**DEFENDANTS CALIFORNIA FORENSIC MEDICAL GROUP, INC., TAYLOR FITHIAN, M.D., RONALD POLLACK, M.D. AND PAUL ADLER, M.D.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE RULE 12(b)(6)**