PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
JAMES S. EICHER, State Bar No. 213796
jeicher@lbaclaw.com
ROCCO ZAMBITO, JR., State Bar No. 306115
rzambito@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
Glendale, California  91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendants
County of Ventura; Ventura County Sheriff's Office; and Ventura County Sheriff
Geoff Dean

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.S., an individual by and through his Guardian Ad Litem, MARY RODGERS-VEY, and O.M., an individual by and through his Guardian Ad Litem, ADRIAN MOJICA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF VENTURA; VENTURA COUNTY SHERIFF'S OFFICE; VENUTRA COUNTY SHERIFF GEOFF DEAN, an Official; CALIFORNIA FORENSIC MEDICAL GROUP; TAYLOR FITHIAN, an Official  as Director of California Forensic Medical Group; PAUL ADLER, M.D., an Official as Director of California Forensic Medical Group; RONALD POLLACK, M.D.; an Official; CALIFONIA DEPARTMENT OF STATE HOSPITALS; PAM AHLIN, an Official as Director of California Department of State Hospitals; PATTON STATE HOSPITAL; HARRY OREOL, an Official as Director of Patton State Hospital; MHM SERVICES OF CALIFORNIA, INC.; MARCUS LOPEZ, an Official as Director of | Case No. CV 16-03084- BRO (RAO)<br><br>Honorable Beverly Reid O'Connell<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM OR FOR A MORE DEFINITE STATEMENT: MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ROCCO ZAMBITO, JR. AND EXHIBIT IN SUPPORT THEREOF**<br><br>Date:      October 24, 2016<br>Time:      1:30 p.m.<br>Crtrm:    14 |

MHM Services of California, Inc.; and )
DOES 1 through 10, inclusive, )
                                )
            Defendants. )
                                )
_____ )

TO THE HONORABLE COURT, ALL INTERESTED PARTIES, AND TO THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on October 24, 2016, at 1:30 p.m., in Courtroom 14 of the United States District Court located at 312 North Spring Street, Los Angeles, California, defendants County of Ventura, Ventura County Sheriff's Office and Ventura County Sheriff Geoff Dean ("County Defendants") will move the Court to dismiss the claims against them pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) upon the following grounds:

1. The First Amended Complaint ("FAC") generally fails to state a cause of action as against any of the County Defendants

2. Defendant Sheriff Geoff Dean is entitled to qualified immunity;

3. Each claim for relief based on federal law is barred by 42 U.S.C. 1997e(e), because the FAC does not make a sufficient showing of a physical injury;

4. Each claim for relief based on California state law is barred by immunities provided by California Government Code §§ 820.2, 820.6, 820.8, 844.6, 845.2, 845.6 and 855.8;

5. Article I, Section 7 of the California Constitution is not self-executing;

6. The eighth claim for relief for violation of California Civil Code § 52.1 fails because the FAC does not allege threats, intimidation or coercion independent of that inherent in the alleged underlying constitutional violation;

7. The Court should decline to exercise supplemental jurisdiction over the state law claims should the federal claims be dismissed; and

8.    The FAC is vague and ambiguous as to Plaintiffs' identities.

This Motion will be based upon this Notice of Motion, the Memorandum of Points and Authorities, the pleadings on file herein, and upon such further evidence as may be presented at or before the hearing.  This Motion is made following an unsuccessful attempt to confer with opposing counsel pursuant to Local Rule 7-3.  (*See* Declaration of Rocco Zambito, Jr., ¶¶ 2-3, and Exhibit A", attached hereto).

Dated:  September 12, 2016        LAWRENCE BEACH ALLEN & CHOI, PC


By       /s/ Rocco Zambito, Jr.      
        Rocco Zambito, Jr.
        Attorneys for Defendants
        County of Ventura, Ventura County
        Sheriff's Office, Ventura County
        Sheriff Geoff Dean

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

MEMORANDUM OF POINTS AND AUTHORITIES .........................................1

I.     INTRODUCTION. .........................................................................................1

II.    UNDER CALIFORNIA LAW, THE DUTY TO PROVIDE RESTORATIVE TREATMENT FALLS DIRECTLY UPON THE STATE, AND NOT THE INDIVIDUAL COUNTIES. ...............................1

III.   THE FAC FAILS TO PLEAD A COGNIZABLE CAUSE OF ACTION AGAINST THE COUNTY DEFENDANTS. ..............................4

IV.   QUALIFIED IMMUNITY BARS THE § 1983 CLAIM AGAINST SHERIFF GEOFF DEAN IN HIS INDIVIDUAL CAPACITY. .................7

V.    PLAINTIFFS' FEDERAL CLAIMS ARE BARRED BY THE PRISON LITIGATION REFORM ACT BECAUSE PLAINTIFFS DO NOT ALLEGE PHYSICAL INJURY. ...........................................9

VI.   PLAINTIFFS' STATE LAW CLAIMS ARE BARRED BY IMMUNITIES PROVIDED BY THE CALIFORNIA GOVERNMENT CODE. ............................................................12

     A.    The County is Immune from Liability for Plaintiffs' Injuries. ........12

     B.    County Defendants are Immune From Liability for Failure to Provide Medical or Mental Health Care to Plaintiffs. ....................13

     C.    County Defendants are Immune from Liability for Failure to Provide Sufficient Equipment, Personnel or Facilities in the Jail ................................................................................................15

     D.    Sheriff Dean is Immune from Liability for His Acts Which Were Discretionary or in Accordance with the California Penal Code ...................................................................................16

VII.  ARTICLE I, SECTION 7 OF THE CALIFORNIA CONSTITUTION IS NOT SELF-EXECUTING. ......................................17

VIII. PLAINTIFFS HAVE NOT AND CANNOT ALLEGE THREATS, INTIMIDATION OR COERCION INDEPENDENT OF THAT INHERENT IN THE ALLEGED CONSTITUTIONAL VIOLATION, AS REQUIRED TO STATE A COGNIZABLE CIVIL CODE § 52.1 CLAIM. ...................................................................18

IX.   SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' STATE LAW CLAIMS SHOULD NOT BE EXERCISED IF ALL FEDERAL CLAIMS ARE DISMISSED .....................................................20

X.    THE IDENTIFICATION OF PLAINTIFFS ONLY BY THEIR INITIALS RENDERS THE FAC VAGUE AND AMBIGUOUS, AND THUS, REQUIRES A MORE DEFINITE STATEMENT. ..............21

XI.    CONCLUSION. ............................................................................22

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2

# TABLE OF AUTHORITIES

**Page(s)**

3

## Cases

4  *Allen v. City of Sacramento*,
5     234 Cal.App.4th 41 (2015)..........................................................................18, 19

6  *Ashcroft v. al-Kidd*,
7     563 U.S. 731 (2011) ...........................................................................................8

8  *Ashcroft v. Iqbal*,
9     556 U.S. 662 (2009) ...........................................................................................4

10 *Bains v. McGrath*,
11    2003 WL 1873265 (N.D. Cal. April 2, 2003) .....................................................9

12 *Beed v. County of Los Angeles*,
13    2007 WL 1723717 (C.D. Cal. June 7, 2007) ....................................................12

14 *Bell Atlantic Corp. v. Twombly*,
15    550 U.S. 544 (2007) ...........................................................................................4

16 *Bock v. County of Sutter*,
17    2012 WL 3778953 (E.D. Cal. Aug. 31, 2012) ...................................................6

18 *Bradley v. Medical Board*,
19    56 Cal.App.4th 445 (1997)...............................................................................17

20 *Braswell v. Corrections Corp. of America*,
21    2009 WL 2447614 (M.D. Tenn. Aug. 10, 2009) ..............................................10

22 *Bremer v. County of Contra Costa*,
23    2015 WL 5158488 (N.D. Cal. Sept. 2, 2015) .............................................13, 14

24 *Bryant v. Madigan*,
25    84 F.3d 246 (7th Cir. 1996).................................................................................6

26 *Cabral v. County of Glenn*,
27    624 F.Supp.2d 1184 (E.D. Cal. 2009)..........................................................13, 14

28

*Canell v. Multnomah County,*
   141 F.Supp.2d 1046 (D. Or. 2001)...............................................10

*Cannon v. Burkybile,*
   2000 WL 1409852 (N.D. Ill. Sept. 25, 2000) ...............................11

*Castaneda v. Dept. of Corrections and Rehabilitation,*
   212 Cal.App.4th 1051 (2013)...............................................12, 14

*City of Simi Valley v. Superior Court,*
   111 Cal.App.4th 1077 (2003)...............................................17

*Crayton v. Terhune,*
   2002 WL 31093590 (N.D. Cal. Sept. 17, 2002) ...............................10

*Davis v. District of Columbia,*
   158 F.3d 1342 (D.C. Cir. 1998) ...............................................10

*Dawes v. Walker,*
   239 F.3d 489 (2d Cir. 2001)...............................................9

*Does I Through XXIII v. Advanced Textile Corp.,*
   214 F.3d 1058 (9th Cir. 2000)...............................................21

*Duvall v. County of Kitsap,*
   260 F.3d 1124 (9th Cir. 2001)...............................................6

*Elder v. Holloway,*
   510 U.S. 510 (1994) ...............................................7

*Estate of Abdollahi v. County of Sacramento,*
   405 F.Supp.2d 1194 (E.D. Cal. 2005)...............................................15, 16

*Fetter v. Placer County Sheriff,*
   2014 WL 4078638 (E.D. Cal. Aug. 14, 2014) ...............................................6

*Frary v County of Marin,*
   81 F.Supp.3d 811 (N.D. Cal. 2015) ...............................................14

*Hodge v. Mountain States Tel. & Tel. Co.,*
   555 F.2d 254 (9th Cir. 1977)...............................................20

*Hunter v. Bryant,*
  502 U.S. 224 (1991) ...........................................................................7

*In re Loveton,*
  244 Cal.App.4th 1025 (2016).............................................................5

*In re Mille,*
  182 Cal.App.4th 635 (2010)........................................................2, 3, 5

*Katzberg v. Regents of University of California,*
  29 Cal.4th 300 (2002).......................................................................17

*Kemmerer v. County of Fresno,*
  200 Cal.App.3d 1426 (1988).............................................................16

*Kerr v. Puckett,*
  138 F.3d 321 (7th Cir. 1998).............................................................9

*Lawson v. Superior Court,*
  180 Cal.App.4th 1372 (2010).............................................................13

*Les Shockley Racing v. National Hot Rod Ass'n,*
  884 F.2d 504 (9th Cir. 1989).............................................................20

*Lindsey v. Dayton-Hudson Corp.,*
  592 F.2d 1118 (10th Cir. 1979)...........................................................21

*Lucas v. County of Los Angeles,*
  47 Cal.App.4th 277 (1996).................................................................14

*Lyall v. City of Los Angeles,*
  807 F.3d 1178 (9th Cir. 2015).....................................................18, 19

*Malley v. Briggs,*
  475 U.S. 335 (1986) .......................................................................7, 8

*Malott v. Placer County,*
  2016 WL 538462 (E.D. Cal. Feb. 11, 2016) ...................................19

*N.J. Protection & Advocacy, Inc. v. Velez,*
  2008 WL 4192068 (D. N.J. Sept. 9, 2008) .......................................21

*Nagy v. FMC Butner*,

   376 F.3d 252 (4th Cir. 2004)..................................................9

*Oliver v. Keller*,

   289 F.3d 623 (9th Cir. 2002)...................................9, 10, 11

*Oregon Advocacy Center v. Mink*,

   322 F.3d 1101 (9th Cir. 2003)..............................................4

*O'Guinn v. Nevada Dept. of Corrections*,

   468 Fed.Appx. 651 (9th Cir. 2012) ...................................5, 6

*Palmer v. Vasquez*,

   2014 WL 897362 (E.D. Cal. 2014) ....................................15

*Pearson v. Callahan*,

   555 U.S. 223 (2009) ...........................................................7

*People v. Brewer*,

   235 Cal.App.4th 122 (2015)................................................5

*Perkins v. City of West Covina*,

   113 F.3d 1004 (9th Cir. 1997)............................................7

*Price v. City of Charlotte*,

   93 F.3d 1241 (4th Cir. 1996)..............................................9

*Quezada v. City of L.A.*,

   222 Cal.App.4th 993 (2014)..............................................19

*R.P. v. Board of Trustees of Vista Unified School Dist.*,

   2008 WL 4753743 (S.D. Cal. Oct. 28, 2008) ...................21

*Ramirez v. City, County of San Francisco*,

   1997 WL 33013 n.6 (N.D. Cal. Jan. 23, 1997) .................9

*Reed v. City and County of San Francisco*,

   237 Cal.App.2d 23 (1965).................................................12

*Reed v. County of Santa Cruz*,

   37 Cal.App.4th 1274 (1995)..............................................12

*Reynolds v. County of San Diego*,

  84 F.3d 1162 (9th Cir. 1996)...................................................20

*Richardson v. Castro*,

  1998 WL 205414 (E.D.N.Y. April 24, 1998) ....................................11

*Richardson v. Oldham*,

  12 F.3d 1373 (5th Cir. 1994).....................................................8

*Roberts v. California Dept. of Corrections*,

  2014 WL 1308506 (C.D. Cal. April 1, 2014) ..................................15

*Roy v. County of Los Angeles*,

  114 F.Supp.3d 1030  (C.D. Cal. July 9, 2015) ................................19

*Saucier v. Katz*,

  533 U.S. 194 (2001) .................................................................7

*Savitt v. Jordan*,

  142 Cal.App.3d 820 (1983)......................................................12

*Simmons v. Navajo County, Ariz.*,

  609 F.3d 1011 (9th Cir. 2010)...................................................6

*Todd v. Graves*,

  217 F.Supp.2d 958 (S.D. Iowa 2002)..........................................11

*Trueblood v. Wash. State Dept. of Social and Health Services*,

  822 F.3d 1037 (2016) ..............................................................5

*United Mine Workers of America v. Gibbs*,

  383 U.S. 715 (1966) ...............................................................20

*Villescaz v. City of Eloy*,

  2008 WL 1971394 (D. Ariz. May 2, 2008).....................................9

*Watson v. State of California*,

  21 Cal.App.4th 836 (1993)......................................................14

*Way v. County of Ventura*,

  445 F.3d 1157 (9th Cir. 2006)...................................................7

*Wright v. State of,*

  *California*, 122 Cal.App.4th 659 (2004) .......................................................12

**Statutes**

28 U.S.C. § 1367 .............................................................................................20

28 U.S.C. § 1367(c) ........................................................................................20

29 U.S.C. § 794 ...............................................................................................5

42 U.S.C. § 1997e(e) ............................................................................2, 9, 10, 11

42 U.S.C. § 12132 ...........................................................................................5

42 U.S.C. § 1983 .................................................................................7, 8, 11

42 U.S.C. § 1997e(h) .......................................................................................9

Article I, Section 7 of the California Constitution .....................................2, 8, 17

California Civil Code § 52.1 ...................................................................passim

California Civil Code § 54 ..............................................................................15

California Government Code § 820.2 .........................................................12, 16

California Government Code § 820.6 .......................................................2, 16, 17

California Government Code § 820.8 .......................................................2, 16, 17

California Government Code § 844.6 .................................................2, 12, 13, 16

California Government Code § 845.2 .................................................2, 14, 15, 16

California Government Code § 845.6 .................................................2, 13, 14, 16

California Government Code § 855.8 ...........................................................2, 16

**Rules**

Federal Rules of Civil Procedure Rule 10(a) ................................................21

Federal Rules of Civil Procedure Rule 12(b)(6) ...........................................4

Federal Rules of Civil Procedure Rule 12(e) ................................................21

Federal Rules of Civil Procedure Rule 8(a)(2) .............................................4

**Other Authorities**

Penal Code § 1367 ...........................................................................................1

Penal Code § 1368(b) ......................................................................................1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Penal Code § 1368(c).................................................................................1

Penal Code § 1369(a)...............................................................................2, 3

Penal Code § 1370(a)(1)(B)........................................................................2

Penal Code § 1370(a)(1)(B)........................................................................2

Penal Code § 1370(a)(2)(A)........................................................................3

Penal Code § 1370(a)(3).............................................................................3

Penal Code §1370(a)(1)(B)(i).....................................................................2

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION.

Plaintiffs, criminal defendants found incompetent to stand trial ("IST"), are misguided in their inclusion of the County of Ventura, Ventura County Sheriff's Office and Ventura County Sheriff Geoff Dean ("County Defendants") in this litigation.  It is the California Department of State Hospitals ("DSH") which purportedly has a custom of failing to expeditiously and efficiently accept ISTs, causing delays in their "restorative" mental health treatment mandated by California state law.  First Amended Complaint ("FAC") ¶¶ 58, 77.  While Plaintiffs allege the County Defendants violated their rights by failing to provide restorative mental health treatment while Plaintiffs were in Ventura County jails (FAC ¶ 7), there is no authority to suggest that the County Defendants have any obligation to provide such treatment.  In addition to this fundamental and irrefutable fact, there are a variety of additional grounds which mandate the dismissal of Plaintiffs' claims against the County Defendants.

### II.  UNDER CALIFORNIA LAW, THE DUTY TO PROVIDE RESTORATIVE TREATMENT FALLS DIRECTLY UPON THE STATE, AND NOT THE INDIVIDUAL COUNTIES.

The California Penal Code dictates that "[a] person cannot be tried or adjudged to punishment … while that person is mentally incompetent."  Penal Code § 1367.  "If [a defendant's] counsel informs the court that he or she believes the defendant is or may be mentally incompetent, the court shall order that the question of the defendant's mental competence is to be determined in a hearing."  Penal Code § 1368(b).  In the meantime, "all proceedings in the criminal prosecution shall be suspended until the question of the present mental competence of the defendant has been determined."  Penal Code § 1368(c).  To determine his or her competence to stand trial, the defendant is examined and

1

evaluated by one or more psychiatrists or licensed psychologists, who inform the court of their opinions and recommendations.  Penal Code § 1369(a).  "If the defendant is found mentally incompetent, the trial, the hearing on the alleged violation, or the judgment shall be suspended until the person becomes mentally competent."  Penal Code § 1370(a)(1)(B).

At this point, "the court shall order that the mentally incompetent defendant be delivered by the sheriff to a state hospital for the care and treatment of the mentally disordered, as directed by the State Department of State Hospitals, or to any other available public or private treatment facility."  Penal Code § 1370(a)(1)(B)(i).  The court may only order a mentally incompetent defendant be delivered to a county jail treatment facility "if the facility has a secured perimeter or a locked and controlled treatment facility, approved by the community program director that will promote the defendant's speedy restoration to mental competence."  Penal Code § 1370(a)(1)(B)(i).  Plaintiffs acknowledge that the Ventura County jails at issue are not licensed to perform competency restoration services.[1]  FAC ¶ 61.

Prior to making this determination, "[t]he court shall order the community program director or a designee to evaluate the defendant and to submit to the court within 15 judicial days of the order a written recommendation as to whether

---

[1] Ventura County jails have not been approved to promote defendants' restoration to mental competence.  Therefore, courts cannot order ISTs to undergo restorative treatment in a Ventura County jail.  Similarly, while Penal Code § 1369.1 dictates that a "jail may be designated to provide medically approved medication to defendants found to be mentally incompetent," Ventura County jails have not been designated as such.  *See also*, *In re Mille*, 182 Cal.App.4th 635, 647 (2010) ("we reject the notion that treatment with antipsychotic medication in a county jail pursuant to section 1369.1 is an alternative to timely psychiatric treatment in a state mental hospital.").

the defendant should be required to undergo outpatient treatment, or be committed to the State Department of State Hospitals or to any other treatment facility." Penal Code § 1370(a)(2)(A).  In the instant case, designee, Defendant MHM, recommended Plaintiffs be committed to the DSH, and the Court ordered Plaintiffs be placed in **Patton State Hospital**.  FAC 15-16, 21, 45.

Before a defendant can be admitted to the DSH, the court must provide several documents to the DSH (the "§ 1370 packet").  Penal Code § 1370(a)(3). "Within 90 days of a commitment …, the medical director of the state hospital or other treatment facility to which the defendant is confined shall make a written report to the court and the community program director for the county or region of commitment, or a designee, concerning the defendant's progress toward recovery of mental competence and whether the administration of antipsychotic medication remains necessary."[2] Penal Code § 1370(b)(1).  Once the defendant is restored to competence, "the court shall order that the defendant be returned to court." Penal Code § 1370(a)(1)(C).

Even where a "county jail treatment facility is selected by the court pursuant to Section 1370, **the [D]epartment [of State Hospitals] shall provide restoration of competency treatment at the county jail facility**." Penal Code § 1370.6(a) (emphasis added).  "If it is determined by the court that no treatment for the defendant's mental impairment is being conducted," the remedy is to return the defendant to the committing court, which shall "transmit a copy of its order to the community program director or a designee." Penal Code § 1370(b)(5).

---

[2] When an IST defendant is ordered to be placed at Patton State Hospital, it is Patton's medical director who is required to make this written report to the court concerning the IST defendant's progress within 90 days of the commitment order, regardless of how long the IST defendant is held at the county jail.  *In re Mille*, 182 Cal.App.4th at 648.

3

Plaintiffs' claims against the County Defendants cannot be reconciled with this well-established, statutory framework.  Restorative treatment has been placed in the proverbial hands of the State of California, and in particular DSH; the individual Counties have been specifically precluded from this state-mandated obligation.

## III.   THE FAC FAILS TO PLEAD A COGNIZABLE CAUSE OF ACTION AGAINST THE COUNTY DEFENDANTS.

"[A] plaintiff's obligation [is] to provide grounds of his entitlement to relief, [which] requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted).  In order to comply with the requirements of Federal Rules of Civil Procedure Rule 8(a)(2) and survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotations omitted).

Here, Plaintiffs have pled no factual allegations which entitle them to relief against the County Defendants.  Plaintiffs have presented no constitutional, statutory or case law authority establishing any obligation of the County Defendants to provide IST defendants with restorative mental health treatment.  Furthermore, none of the previous courts dealing with this issue have determined that providing restorative treatment was the duty of a county.  *See, e.g., Oregon*

*Advocacy Center v. Mink*, 322 F.3d 1101, 1105, 1121-22 (9th Cir. 2003) (finding state hospital is "solely responsible for the timely treatment of incapacitated criminal defendants so that they may become competent to stand trial."); *People v. Brewer*, 235 Cal.App.4th 122 (2015) (dissolving trial court order that the sheriff deliver IST defendants to a state hospital in fourteen days); *Trueblood v. Wash. State Dept. of Social and Health Services*, 822 F.3d 1037, 1040 (2016) (finding "[state hospital] is responsible for overseeing both competency evaluations and any following restorative services."); *In re Mille*, 182 Cal.App.4th at 650 ("[A] defendant needs sufficient time at the state mental hospital to be duly evaluated, potentially to derive some benefit from the prescribed treatment, and for such progress to be reported to the court."); *In re Loveton*, 244 Cal.App.4th 1025, 1047 (2016) (finding a 60-day deadline "provides sufficient time for DSH to place each defendant").

Likewise, Plaintiffs' claims for the alleged violation of the Americans with Disabilities Act (42 U.S.C. § 12132, thereinafter "ADA") and Rehabilitation Act (29 U.S.C. § 794) also fail to present facts which would entitle them to relief.[3] While Plaintiffs allege they suffered discrimination due to their disabilities, the facts in the FAC indicate otherwise. In fact, Plaintiffs claim that criminal defendants "found incompetent … are unpredictable and disruptive" and "[b]ecause of their unpredictable or disruptive behavior, they are often disciplined." FAC ¶¶ 64, 67. This is actually an allegation that Plaintiffs were disciplined for symptoms of their disabilities, rather than for the disabilities themselves, which is not a violation of the ADA. *O'Guinn v. Nevada Dept. of*

---

[3] Simultaneously, Plaintiffs' seventh and eighth claims for relief assert claims centered on these alleged violations of the ADA and the Rehabilitation Act. (FAC ¶¶ 160, 169). As such, these claims are baseless as well.

*Corrections*, 468 Fed.Appx. 651 (9th Cir. 2012); *Duvall v. County of Kitsap,* 260 F.3d 1124, 1135 (9th Cir. 2001) ("ADA was expressly modeled after § 504 of the Rehabilitation Act" which requires a plaintiff to show "he was denied the benefits of the program solely by reason of his disability").

Plaintiffs' ADA and Rehabilitation Act claims only present conclusory allegations of violations, without putting forth a single factual allegation which would enlighten the County Defendants as to how they committed these violations.  If these claims assert a failure to provide treatment, they must fail, since inadequate treatment cannot serve as the basis for ADA or Rehabilitation Act claims.  *See Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1022 (9th Cir. 2010); *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996); *Fetter v. Placer County Sheriff*, 2014 WL 4078638 at 5 (E.D. Cal. Aug. 14, 2014).

Where plaintiffs allege (as they do here) that they were denied access to accommodations, programs, services and activities, without stating what or why they were denied, it has been held that there is a "dearth of legal authority" to support such a claim.  *O'Guinn*, 468 Fed.Appx. at 654.  Plaintiffs' allegations that they are placed at a greater risk of harm than other inmates (FAC ¶¶ 65, 66, 104) are similarly insufficient to state a claim.  *Bock v. County of Sutter*, 2012 WL 3778953 (E.D. Cal. Aug. 31, 2012) (dismissing ADA and Rehabilitation Act claims, because, "[w]hile Plaintiffs continue to allege that Decedent had a greater risk of harm than other inmates, they fail to show that Decedent was denied benefits that others were offered.").

Since Plaintiffs fail to state grounds which entitle them to relief beyond mere conclusory recitations of their causes of action's elements, the claims for relief should be dismissed.

//

//

**IV.   QUALIFIED IMMUNITY BARS THE § 1983 CLAIM AGAINST SHERIFF GEOFF DEAN IN HIS INDIVIDUAL CAPACITY.**

County sheriffs are entitled to qualified immunity from liability under 42 U.S.C. § 1983.  *Way v. County of Ventura*, 445 F.3d 1157 (9th Cir. 2006). Qualified immunity is designed to shield from liability, "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).  "The central purpose of affording public officials qualified immunity from suit is to protect them from undue interference with their duties and from potentially disabling threats of liability." *Elder v. Holloway*, 510 U.S. 510, 514 (1994).  The Supreme Court has repeatedly "stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991).  "[T]he entitlement is an *immunity from suit* rather than a mere defense to liability." *Id.* (emphasis in original).

In a suit against a sheriff for an alleged violation of a constitutional right, the court must consider a two-part test. *Saucier v. Katz*, 533 U.S. 194, 199 (2001) (abrogated as to the rigidity of the sequence of the test in *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)).  "[T]he first inquiry must be whether a constitutional right would have been violated on the facts alleged; second, assuming the violation is established, the question whether the right was clearly established must be considered." *Id.* at 200.  With respect to the second question, a broad inquiry is not enough: "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.* at 202.  "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.*

It is the Plaintiffs' burden to establish that the right alleged was clearly established at the time of the alleged misconduct. *Perkins v. City of West Covina*,

113 F.3d 1004, 1008 (9th Cir. 1997).  Plaintiffs must further demonstrate "the illegality of the challenged conduct was clearly established in factual circumstances closely analogous to those of [the] case [at issue]."  *Richardson v. Oldham*, 12 F.3d 1373, 1381 (5th Cir. 1994); *see also Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011) (stating the Supreme Court has "repeatedly told courts—and the Ninth circuit in particular [Citation]—not to define clearly established law at a high level of generality").  The Supreme Court has consistently stated that it "do[es] not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate."  *al-Kidd*, 563 U.S. at 741.  Hence, if government agents "of reasonable competence" could disagree on whether a chosen course of action is constitutional, "immunity should be recognized."  *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

In the instant case, the FAC does not provide (because there is not) any precedent placing the statutory or constitutional question beyond debate.  As detailed above, of the numerous analogous cases to address this issue, none have found a county or its sheriff violated any constitutional right.  There was nothing to put Sheriff Dean on notice that he was required to perform the duties Plaintiffs allege he failed to uphold.  Without any authority indicating counties are required to provide restorative treatment to IST defendants ordered to be placed in a state hospital, it was reasonable for Sheriff Dean to believe he had no constitutional obligation to provide restorative treatment (since in fact, he does not).  As such, qualified immunity bars Plaintiffs' Section 1983 claim against Sheriff Dean in his individual capacity.[4]

---

[4] Plaintiffs' first claim for relief is based on both 42 U.S.C. 1983 and Article I, Section 7 of the California Constitution.

## V.  PLAINTIFFS' FEDERAL CLAIMS ARE BARRED BY THE PRISON LITIGATION REFORM ACT BECAUSE PLAINTIFFS DO NOT ALLEGE PHYSICAL INJURY.

Congress intended Section 1997e(e) of the Prison Litigation Reform Act ("PLRA") to reduce the burgeoning volume of prisoner litigation in the federal courts.  *See Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir. 1998); *Dawes v. Walker*, 239 F.3d 489, 495 (2d Cir. 2001); *Price v. City of Charlotte*, 93 F.3d 1241, 1250 (4th Cir. 1996).  Accordingly, Section 1997e(e) establishes that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act."  42 U.S.C. § 1997e(e); *Bains v. McGrath*, 2003 WL 1873265 at 1 (N.D. Cal. April 2, 2003) ("Failure to allege and establish an appropriate physical injury is ground for dismissal").  In addition, the "showing of physical injury... must be more than *de minimis*."  *Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002).

Plaintiffs, as detainees awaiting trial, qualify as "prisoners" under Section 1997e(e).  Under this statute, "the term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  42 U.S.C. § 1997e(h).  Abundant precedent supports the position that Plaintiffs qualify as "prisoners".  *See*, *e.g.*, *Ramirez v. City, County of San Francisco*, 1997 WL 33013 at 8 n.6 (N.D. Cal. Jan. 23, 1997) ("The Act applies to facilities that house pre-trial detainees, as well as prisons"); *Villescaz v. City of Eloy*, 2008 WL 1971394 (D. Ariz. May 2, 2008) (dismissing suit filed by the guardian of former prisoner found incompetent to stand trial); *Nagy v. FMC Butner*, 376 F.3d 252 (4th Cir. 2004) (claim brought by medical patient incarcerated pending the restoration of

9

his competency was dismissed as frivolous under the PLRA); *Lewis v. Oklahoma Dept. of Mental Health*, 2012 WL 5574174 at 1 (N.D. Ok. Nov. 15, 2012) ("If, on the other hand, [p]laintiff has been found incompetent to stand trial and is being treated … with the goal of being returned to competence in order to stand trial, then he qualifies as a 'prisoner' for purposes of the PLRA"); *Braswell v. Corrections Corp. of America*, 2009 WL 2447614 at 4 (M.D. Tenn. Aug. 10, 2009) (reversed on other grounds) ("The Sixth Circuit, as well as several other circuits and district courts, have consistently applied the PLRA exhaustion requirement to cases involving guardians of juveniles and mentally incompetent prisoners.").

Plaintiffs have alleged no physical injury, other than the vague assertion they suffered "deteriorating physical conditions". FAC ¶ 123. Vague accusations such as this are insufficient to satisfy Section 1997e(e). *See Oliver v. Keller*, 289 F.3d at 629 (holding Section 1997e(e) precluded plaintiff's emotional damages claims, in part, because he "fail[ed] to describe the nature of the physical injuries, if any, that he suffered"). Moreover, this is the sort of *de minimis*, docket-clogging litigation the PLRA was designed to address. Courts have repeatedly found more significant and specifically pled injuries fail to overcome this requirement. *See*, *e.g.*, *Crayton v. Terhune*, 2002 WL 31093590 at 5 (N.D. Cal. Sept. 17, 2002) (plaintiff's "allegation of 'sharp pain' in his neck and head does not meet the de minimis standard"); *Canell v. Multnomah County*, 141 F.Supp.2d 1046, 1054 (D. Or. 2001) (plaintiff "developed a fungus on his foot, sores in his nose, constipation and a winter cold. I find that these *de minimis* complaints are insufficient to constitute physical injuries for purposes of the PLRA"); *Davis v. District of Columbia*, 158 F.3d 1342, 1349 (D.C. Cir. 1998) (holding that plaintiff's allegation of "weight loss, appetite loss, and insomnia after the disclosure of his [HIV] medical status" did not satisfy the physical injury

requirement of Section 1997e(e)); *Cannon v. Burkybile*, 2000 WL 1409852 at 6 (N.D. Ill. Sept. 25, 2000) (plaintiff's "allegations that he suffered headaches, insomnia, stress, and stomach anxiety do not sufficiently meet the physical injury requirement under 42 U.S.C. § 1997e(e)").[5]

Since the FAC lacks allegations of physical injury beyond the vague claim that Plaintiffs suffered "deteriorating physical conditions", Section 1997e(e) of the PLRA prohibits Plaintiffs' federal claims against the County Defendants.[6] Simply put, Plaintiffs "ha[ve] alleged only *de minimis* physical injury, and [are consequently] barred from pursuing claims for mental and emotional injury." *Oliver*, 289 F.3d at 629; *see also Richardson v. Castro*, 1998 WL 205414 at 7 (E.D.N.Y. April 24, 1998) ("there is no evidence that [p]laintiff suffered any physical injury.  Accordingly, [p]laintiff's personal injury claims must be dismissed.").

///
///
///
///

---

[5] *See also Todd v. Graves*, 217 F.Supp.2d 958, 960 (S.D. Iowa 2002) ("[Plaintiff] has alleged only that the stress induced by the Defendants' actions elevated his blood pressure to some unspecified level, aggravated his hypertension, and that he now suffers from dizziness, insomnia, and loss of appetite. The court notes these are all symptoms typically associated with people suffering stress or mental distress. Prison itself is a stressful environment. If the symptoms alleged by [plaintiff] were enough to satisfy the physical injury requirement of 42 U.S.C. § 1997e(e) very few plaintiffs would be barred by the physical injury rule from seeking compensation on claims for emotional distress.").

[6] Plaintiffs' federal claims are the first claim for relief under Section 1983, the second claim for relief under the ADA, and the third claim for relief under the Rehabilitation Act.

## VI.   PLAINTIFFS' STATE LAW CLAIMS ARE BARRED BY IMMUNITIES PROVIDED BY THE CALIFORNIA GOVERNMENT CODE.

### A.   The County is Immune from Liability for Plaintiffs' Injuries.

All of Plaintiffs' state claims against the County Defendants are barred by the immunity against liability for prisoners' injuries under California Government Code § 844.6.[7]  Government Code § 844.6 provides in pertinent part:

> "(a) … [A] public entity is not liable for:
>
> (1)  An injury proximately caused by any prisoner.
>
> (2)  An injury to any prisoner."

Cal. Gov. Code § 884.6; *see also Castaneda v. Dept. of Corrections and Rehabilitation*, 212 Cal.App.4th 1051, 1070 (2013) ("Section 844.6, subdivision (a)(2) establishes the State's immunity to liability for injuries to prisoners.").

The intent of § 844.6 was discussed in *Reed v. City and County of San Francisco*, 237 Cal.App.2d 23, 25 (1965), in which the Court of Appeal stated, "Imposition of liability in cases such as this would increase the cost of law enforcement and add to the difficulties of orderly prison administration."  Several California courts have held that Section 844.6(a) immunizes public entities from liability for various state law causes of action.  *See, e.g., Wright v. State of California*, 122 Cal.App.4th 659, 672 (2004) (public entity immune from liability under Section 844.6(a) for intentional infliction of emotional distress and negligence); *Reed v. County of Santa Cruz*, 37 Cal.App.4th 1274, 1276-80 (1995) (immunity under Section 844.6(a) applies to assault claim); *Savitt v. Jordan*, 142 Cal.App.3d 820, 822 (1983) (immunity under Section 844.6 applies to negligence

---

[7] Plaintiff's fourth, seventh and eighth claim for relief are state claims, as well as the first claim for relief, to the extent it is based on the California Constitution.

claim); *Beed v. County of Los Angeles*, 2007 WL 1723717 at 3-4 (C.D. Cal. June 7, 2007) (Section 844.6 immunizes public entity from "state law claims for assault and battery, negligence, and intentional infliction of emotional distress").

Here, Plaintiffs were "prisoners" within the meaning of Section 844.6, because they were lawfully inmates of county jails at the time of the violations alleged in their FAC. "According to case authority, 'to come within the purview of Government Code section 844.6, a prisoner must be a person confined in a correctional facility or institution *under the authority of law enforcement authorities or legal process.*' Further, for the purposes of the Tort Claims Act, 'the deprivation of liberty by lawful process or some kind of involuntary restraint characterizes one's status as a prisoner or inmate.'" *Lawson v. Superior Court*, 180 Cal.App.4th 1372, 1386 (2010) (citations omitted, emphasis in original). All of Plaintiffs' state law claims seek damages they allegedly sustained while they were incarcerated. Consequently, these state law claims against the County are barred as a matter of law and should be dismissed with prejudice.

### B.    County Defendants are Immune From Liability for Failure to Provide Medical or Mental Health Care to Plaintiffs.

Each of Plaintiffs' claims for relief is based on a failure by Defendants to provide medical or mental health care. FAC ¶ 7. However, California Government Code § 845.6 states, "Neither a public entity nor a public employee is liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody." It has been established that Government Code § 845.6 applies to mental health care. *See Cabral v. County of Glenn*, 624 F.Supp.2d 1184, 1195-96 (E.D. Cal. 2009) ("This Court determined then, and it is true now, that '[p]laintiff may have been in need of attention for his mental health, but § 845.6 does not create liability in that instance.'"); *Bremer v. County of Contra Costa*, 2015 WL 5158488 at 2, 9 (N.D. Cal. Sept. 2, 2015).

Section 845.6 includes an exception where an "employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care." However, this exception is "limited to serious and obvious medical conditions requiring immediate care." *Bremer*, 2015 WL 5158488 at 9 (citing *Castaneda*, 12 Cal.App.4th at 1070); *Lucas v. County of Los Angeles*, 47 Cal.App.4th 277, 287-88 (1996); *Frary v County of Marin*, 81 F.Supp.3d 811, 842 (N.D. Cal. 2015) ("California courts have narrowly interpreted section 845.6 to create limited liability"). The FAC provides no factual allegations from which the Court can draw a plausible inference the County Defendants knew or had reason to know Plaintiffs were in need of *immediate* medical care. *See Watson v. State of California*, 21 Cal.App.4th 836 (1993) (plaintiff ruptured his Achilles tendon and brought claim against prison officials who were held immune because they did not know or had no reason to know that plaintiff's ankle required immediate treatment where plaintiff complained about tender and swollen ankle injured while playing basketball). Instead, the FAC describes Plaintiffs' condition as "deteriorating" (FAC ¶¶ 7, 65, 104, 123, 140, 149, 156, 164) without ever describing the circumstances which would reasonably allow the Defendants to know immediate medical care was necessary.

Even the weak proposition that Defendants should have known Plaintiffs needed treatment for their mental illness is prohibited by Government Code § 855.8. Section 855.8 provides immunity to public entities and their employees for injuries resulting from "diagnosing or failing to diagnose that a person is afflicted with mental illness or addiction or from failing to prescribe for mental illness or addiction." As such, dismissal of the state claims alleging the County Defendants' failure to provide mental health treatment is appropriate. *Cabral*, 624 F.Supp.2d at 1195-96; *Bremer*, 2015 WL 5158488 at 9.

14

**C.**    **County Defendants are Immune from Liability for Failure to Provide Sufficient Equipment, Personnel or Facilities in the Jail.**

California Government Code § 845.2 states that "neither a public entity nor a public employee is liable for failure to provide a prison, jail or correctional facility or, if such facility is provided, *for failure to provide sufficient equipment, personnel or facilities therein*." (emphasis added). Nevertheless, Plaintiffs' seventh and eighth claims for relief center on violations of the ADA and the Rehabilitation Act (FAC ¶¶ 160, 169) after alleging those federal statutes were violated by the failure to provide sufficient facilities and personnel.[8] FAC ¶¶ 119-122, 133, 139. Additionally, the FAC alleges the County Defendants "failed to adequately staff the jail". FAC ¶ 75.

The Ninth Circuit has consistently held that state claims such as these are barred. *Taylor*, 172 Cal.App.3d at 387, 390 (Defendant "protected by the immunity granted in section 845.2" against a claim for "failure to provide an adequate and safe jail facility"); *Roberts v. California Dept. of Corrections*, 2014 WL 1308506 at 4 (C.D. Cal. April 1, 2014) (immunizing all defendants "a claim for lack of personnel within a prison"); *Palmer v. Vasquez*, 2014 WL 897362 at 10 (E.D. Cal. 2014) ("applying immunity to state claim "related to adequate staffing and medical equipment"); *Estate of Abdollahi v. County of Sacramento*, 405 F.Supp.2d 1194, 1213 (E.D. Cal. 2005) (finding immunity under Government Code 845.2 "for failure to provide sufficient equipment, personnel or facilities therein"). Thus, the County Defendants are immune from Plaintiffs' state claims grounded in a failure to provide sufficient jail equipment, personnel or facilities.

---

[8] As the FAC does not include a sixth claim for relief, the "seventh and eighth claim for relief" refer to Plaintiffs' claims for violation of California Civil Code § 54 *et seq.* and California Civil Code § 52.1, respectively, labeled as such in the FAC.

**D.**    **Sheriff Dean is Immune from Liability for His Acts Which Were Discretionary or in Accordance with the California Penal Code.**

Discretionary immunity protects public officials from liability for basic policy decisions.  *Taylor v. Buff*, 172 Cal.App.3d 384, 390 (1985).  This is because courts should not "pass judgment on policy decisions in the province of coordinate branches of government."  *Id.*  A supervisor's decisions regarding how to manage a department, especially with regard to difficult decisions that involve judgment calls, are exactly the type of conduct protected from liability under Section 820.2 of the California Government Code.  *See Kemmerer v. County of Fresno*, 200 Cal.App.3d 1426 (1988).

Plaintiffs allege no personal involvement by Sheriff Dean beyond policy-making, management and supervision of Ventura County jails.  FAC ¶ 37.  It has been held that Government Code § 820.2 applies to sheriffs' decisions made with regard to county jail inmates.  *See, e.g., Estate of Abdollahi v. County of Sacramento*, 405 F.Supp.2d 1194, 1214 (E.D. Cal. 2005) (holding Section 820.2 provided a sheriff with immunity for jail policy decisions, including training policies); *Taylor*, 172 Cal.App.3d 384 (1985) (sheriff not liable for county jail inmates' injuries where sheriff did not have the authority or funds for immediate remedy and injuries could only be attributable to a discretionary act).  Accordingly, Sheriff Dean is entitled to immunity from Plaintiffs' state claims under Government Code § 820.2.

Moreover, public employees are also immune from liability when acting "in good faith, without malice, and under the apparent authority of an enactment that is unconstitutional, invalid or inapplicable."  California Government Code § 820.6.  The California Penal Code places no obligation on counties or their sheriffs to provide restorative mental health treatment to criminal defendants found incompetent to stand trial and ordered to be committed to the DSH.  In fact,

16

it is DSH's obligation to provide restorative treatment at the county jail facility, even when the court orders an IST defendant be placed in a county jail treatment facility.  Penal Code § 1370.6(a).  Hence, the Court can only find Sheriff Dean had an obligation to provide restorative treatment if it holds the relevant Penal Code sections are invalid.  Yet, Sheriff Dean would still be immune from liability because the FAC presents no allegations which suggest he was not acting in good faith under the apparent authority of the Penal Code.  As such, Gov. Code § 820.6 provides Sheriff Dean an additional ground for immunity from Plaintiffs' state claims.[9]

## VII.   ARTICLE I, SECTION 7 OF THE CALIFORNIA CONSTITUTION IS NOT SELF-EXECUTING.

Plaintiffs' first claim for relief, to the extent it seeks damages for the violation of Article I, Section 7 of the California Constitution, should be dismissed because this provision is not self-executing.  California courts have expressly held there is "no right to sue for monetary damages" under Article I, Section 7.  *Katzberg v. Regents of University of California*, 29 Cal.4th 300, 316 (2002); *City of Simi Valley v. Superior Court*, 111 Cal.App.4th 1077, 1084 (2003) (holding that a plaintiff may not claim damages for a violation of § 7 of the California Constitution); *Bradley v. Medical Board*, 56 Cal.App.4th 445, 462-63 (1997).

Here, Plaintiffs seek to recover damages under Article I, § 7.  FAC ¶¶ 97-110.  As such, Plaintiffs' claim under this provision is defective as a matter of law

---

[9] California Government Code § 820.8 also provides immunity to Sheriff Dean for any injuries caused by the act or omission of another person.  While Plaintiffs currently only allege they have a heighten risk of being beaten or taken advantage of by other inmates (FAC ¶ 66), this immunity would cover any allegation Plaintiffs were actually harmed by other inmates.

1    and should be dismissed, with prejudice.

2    **VIII. PLAINTIFFS HAVE NOT AND CANNOT ALLEGE THREATS,**

3    **INTIMIDATION OR COERCION INDEPENDENT OF THAT**

4    **INHERENT IN THE ALLEGED CONSTITUTIONAL VIOLATION,**

5    **AS REQUIRED TO STATE A COGNIZABLE CIVIL CODE § 52.1**

6    **CLAIM.**

7    In support of their California Civil Code § 52.1 ("§ 52.1") claim, Plaintiffs

8    allege that Defendants interfered with their "exercise and enjoyment of their civil

9    rights, by denying them access to timely restorative treatment."[10]  FAC, ¶ 167.

10   Plaintiffs further allege that Defendants "engaged in coercive acts that separately

11   and independently interfered" with their right to mental health treatment, holding

12   them in "criminal custody for a period of time longer than they otherwise would

13   have."  FAC, ¶ 169.  Plaintiffs' attempt to plead around the controlling case law

14   fails since the alleged, extended detentions simply do not give rise to § 52.1

15   liability.

16   Civil Code § 52.1 requires a plaintiff to allege and prove interference with

17   a protected right "by coercion".  California law is now clear that the required

18   coercion cannot be the coercion inherent to the underlying violation.  *Allen v. City*

19   *of Sacramento*, 234 Cal.App.4th 41 (2015), *as modified on denial of reh'g* March

20   6, 2015, *review denied* May 20, 2015; *Shoyoye v. County of Los Angeles*, 203

21   Cal.App.4th 947, 959 (2012) ("where coercion is inherent in the constitutional

22

23   ───────────────

24   [10] Civil code § 52.1(a) and (b) provide in pertinent part:
        "If a person … interferes by … coercion … with the exercise or

25      enjoyment by any individual … of rights secured by the Constitution
        or laws of the United States, or of rights secured by the Constitution

26      or laws of this state", the individual whose rights "has been interfered
        with … may institute and prosecute in his or her own name and on his

27      own behalf a civil action for damages …."

28

violation alleged ... the statutory requirement of 'threats, intimidation, or coercion' is not met. The statute requires a showing of coercion independent from the coercion inherent in the wrongful detention itself.").

The Ninth Circuit has adopted these controlling holdings. In *Lyall v. City of Los Angeles*, 807 F.3d 1178 (9th Cir. 2015), the plaintiffs brought an action alleging an unlawful detention and search, and sought relief under both federal and state law.  On appeal, the plaintiffs challenged the trial court's jury instructions with respect to their § 52.1 claim based on the alleged unlawful search and seizure.  The Ninth Circuit held that "[n]umerous California decisions make clear that a plaintiff in a search-and-seizure case **must allege threats or coercion beyond the coercion inherent in a detention or search in order to recover under the Bane Act.**" *Id.* (emphasis added; citing *Allen v. City of Sacramento*; *Quezada v. City of L.A.*, 222 Cal.App.4th 993, 1008 (2014) ("The coercion inherent in detention is insufficient to show a [§ 52.1] violation.")); *see also*, *Malott v. Placer County*, 2016 WL 538462 (E.D. Cal. Feb. 11, 2016) (under *Lyall* and *Allen*, "[a] plaintiff cannot attempt to satisfy two distinct elements by establishing only one, e.g., an unlawful or unconstitutional act."); *Roy v. County of Los Angeles*, 114 F.Supp.3d 1030, 1045 (C.D. Cal. July 9, 2015) ("Because the claim is based upon a theory of over-detention—a type of unlawful conduct in which coercion is inherent—Plaintiffs must, pursuant to *Shoyoye* and *Allen* allege facts demonstrating that Defendants engaged in wrongful conduct or employed threats, intimidation, or **coercion independent of the detention**.") (emphasis added).

Plaintiffs' § 52.1 allegations cannot be reconciled with the controlling case law.  Based on the procedural context from which Plaintiffs' claims arise, Plaintiffs have not and cannot allege coercion, other than the coercion inherent to the mandated criminal custody.  Accordingly, Plaintiffs' § 52.1 claim fails and should be dismissed without leave to amend.

## IX. SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' STATE LAW CLAIMS SHOULD NOT BE EXERCISED IF ALL FEDERAL CLAIMS ARE DISMISSED.

This Court's jurisdiction to hear Plaintiffs' state law claims is based on supplemental jurisdiction under 28 U.S.C. § 1367.  FAC ¶ 12.  However, the preceding sections provide sufficient grounds for dismissing Plaintiffs' federal claims (as well as their state claims).  In the event the Court dismisses Plaintiffs' federal claims, the Court should not exercise jurisdiction over Plaintiffs' state claims.

Pursuant to 28 U.S.C. § 1367(c), "The district courts may decline to exercise supplemental jurisdiction over a claim [related to claims in the action within original jurisdiction] if … (3) the district court has dismissed all claims over which it has original jurisdiction."  In *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966), the Supreme Court stressed that the power to assert pendent jurisdiction need not be exercised.  The court explained, "[c]ertainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."  *Id.*

The Ninth Circuit has similarly held that supplemental jurisdiction over state claims should not be exercised once federal claims are dismissed.  *See*, *e.g.*, *Reynolds v. County of San Diego*, 84 F.3d 1162 (9th Cir. 1996) ("When … the court dismisses the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them." (citing *Les Shockley Racing v. National Hot Rod Ass'n*, 884 F.2d 504, 509 (9th Cir. 1989)); *Hodge v. Mountain States Tel. & Tel. Co.*, 555 F.2d 254, 261 (9th Cir. 1977) ("In light of our disposition of the federal claims, we feel that it is appropriate to remand the state law claims to the district court with instructions to

dismiss for want of federal jurisdiction.")

Therefore, if the Court dismisses Plaintiffs' federal claims such that only state claims are remaining, the Court should decline to exercise supplemental jurisdiction over the state claims.

## X.   THE IDENTIFICATION OF PLAINTIFFS ONLY BY THEIR INITIALS RENDERS THE FAC VAGUE AND AMBIGUOUS, AND THUS, REQUIRES A MORE DEFINITE STATEMENT.

While the foregoing provides adequate basis to dismiss Plaintiffs' claims against the County Defendants with prejudice, if not all claims are dismissed with prejudice, Plaintiffs must provide a more definite statement.  The FAC refers to each Plaintiff by their initials only, rendering the FAC vague and ambiguous as to Plaintiffs' identities.  This violates Federal Rules of Civil Procedure Rule 10(a), which requires the title of complaints to name all the parties.  As a remedy, Federal Rules of Civil Procedure Rule 12(e) allows parties to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."

A number of courts have held that identifying plaintiffs by their initials in a complaint is insufficient and grounds for a motion for a more definite statement. *See, e.g., R.P. v. Board of Trustees of Vista Unified School Dist.*, 2008 WL 4753743 at 1, 3 (S.D. Cal. Oct. 28, 2008) (dismissing complaint because "[p]laintiff's use of initials to identify himself as the party plaintiff 'runs afoul of the public's common law right [o]f access to judicial proceedings, and Rule 10(a)'s command that the title of every complaint include the names of all the parties.'" (citing *Does I Through XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1067 (9th Cir. 2000))); *Lindsey v. Dayton-Hudson Corp.*, 592 F.2d 1118, 1125 (10th Cir. 1979) ("use of pseudonyms … obviously may cause problems to

defendants engaging in discovery and establishing their defenses, and in fixing res judicata effects of judgments." The rare cases allowing for such use typically involve "abortion, birth control, and welfare prosecutions involving abandoned or illegitimate children."); *N.J. Protection & Advocacy, Inc. v. Velez*, 2008 WL 4192068 at 1, 2 (D. N.J. Sept. 9, 2008) (where "[p]laintiff only used the initials of the six individuals listed in the Complaint," the court granted the motion for a more definite statement, stating "[d]efendant cannot reasonably respond or defend against the allegations brought forth.").

Accordingly, if each of Plaintiffs' claims are not dismissed with prejudice, Plaintiffs should be required to provide a more definite statement, which includes their full names in an amended complaint.

## XI.  CONCLUSION.

For the reasons offered above, defendants County of Ventura, Ventura County Sheriff's Office and Ventura County Sheriff Geoff Dean respectfully request Plaintiffs' claims against the County Defendants be dismissed.


Dated:  September 12, 2016          LAWRENCE BEACH ALLEN & CHOI, PC


                                    By _____/s/ Rocco Zambito, Jr._____
                                         Rocco Zambito, Jr.
                                         Attorneys for Defendants
                                         County of Ventura, Ventura County
                                         Sheriff's Office, Ventura County
                                         Sheriff Geoff Dean

22

## <u>DECLARATION OF ROCCO ZAMBITO, JR.</u>

I, Rocco Zambito, Jr., declare as follows:

1.      I am an attorney at law, duly authorized to practice before this Court and I am an associate in the law firm of Lawrence Beach Allen & Choi, PC, attorneys of record for Defendants County of Ventura, Ventura County Sheriff's Office and Ventura County Sheriff Geoff Dean in the above-entitled action.  I have personal knowledge of the facts stated herein, except those stated upon information and belief and as to those matters, I believe them to be true.  If called to testify to the matters herein, I could and would competently do so.

2.      This Motion is brought following an unsuccessful attempt pursuant to Local Rule 7-3 to reach an informal resolution of the issues raised herein. Attached hereto as Exhibit "A" is a true and correct copy of the August 30, 2016 letter sent via e-mail to Plaintiffs' counsel, Brian Vogel and Barrett Litt, articulating the pertinent issues.

3.      On September 7, 2016, Mr. Vogel provide a written response in which he confirmed that the official capacity claims against Defendant Sheriff Dean should be dismissed from this action, while disagreeing with the remaining issues — which are addressed in this Motion.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct. Executed on September 12, 2016 at Glendale, California.

                    ___/s/ Rocco Zambito, Jr._____
                    Rocco Zambito, Jr.

23