Neal P. Panish, Esq. (SBN 131750
Adam Gordon, Esq. (SBN 261386)
SELTZER CAPLAN McMAHON VITEK
750 B Street, Suite 2100
San Diego, CA 92101
Tel: 619-685-3003
Fax: 619-685-3100
Email:    panish@scmv.com
            gordon@scmv.com

Attorneys for Defendants MHM SERVISES OF
CALIFORNIA, INC. and MARCUS LOPEZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW SCOTT, an Individual by and through his Guardian Ad Litem, MARY RODGERS-VEY, and OMAR MOJICA, an Individual by and through his Guardian Ad Litem, ADRIAN MOJICA, on behalf of themselves and all others similarly situated.<br><br>            Plaintiffs,<br><br>    vs.<br><br>COUNTY OF VENTURA; et al.,<br><br>            Defendants. | Case No. 2:16-cv-03084-BRO-RAO<br><br>**DEFENDANTS MHM SERVICES OF CALIFORNIA, INC. AND MARCUS LOPEZ'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>[Fed. R. Civ. P. 12(b)(6)]<br><br>[Filed concurrently with (1) Defendants' Memorandum of Points and Authorities; and (2) Proposed Order]<br><br>DATE:    February 21, 2017<br>TIME:    1:30 p.m.<br>DEPT.:   Crtrm 7C, 7th Floor<br>JUDGE:  Hon. Beverly R. O'Connell<br><br>Complaint filed:    May 4, 2016 |

1  Please take notice that on February 21, 2017, at 1:30 p.m., or as soon thereafter as
2  the matter may be heard in Courtroom 14 of the above-titled Court, located at 312 North
3  Spring Street, Los Angeles, California, 90012. Defendants MHM Services of
4  California, Inc. and Marcus Lopez (together "MHM") will move this Court for an order
5  dismissing the Second Amended Complaint ("SAC") without leave to amend, pursuant
6  to Rule 12(b)(6) of the Federal Rules of Civil Procedure. This motion is made after the
7  meet-and-confer between counsel for MHM and Plaintiffs, required under Local Rule 7-
8  3, which occurred on December 4, 2016, as well as various other discussions before this
9  discussing the same issues at issue in Plaintiffs' SAC. This Motion is based on this
10 Notice of Motion, the accompanying Memorandum of Points and Authorities, such
11 evidence as may be presented at the hearing, the pleadings and records on file and
12 before the Court, and such other and further matters as the Court may deem appropriate.

This motion is made on the following grounds:

1. The SAC, as a whole, fails to state a claim upon which relief can be granted because the SAC alleges no cognizable legal theory or sufficient facts as to MHM.

2. The SAC's First Claim for Relief fails to state a claim upon which relief can be granted under the Fourteenth Amendment of the United States Constitution or Article I, section 7 of the California Constitution because Plaintiffs do not allege any facts that MHM ever violated Plaintiffs' due process rights under the Fourteenth Amendment of the United States Constitution or Article I, section 7 of the California Constitution, that MHM ever committed any act or omission required by law or that MHM had any involvement in the IST defendant process after it provides the requisite court-ordered placement recommendation.

3. The SAC's Fifth Claim for Relief fails to state a claim upon which relief can be granted under Title III of the American Disability Act ("ADA") because Plaintiffs do not allege sufficient facts that MHM is subject to the ADA, that

MHM violated the ADA, that MHM operates a place of "public accommodation" subject Title III of the ADA, and that MHM intended to discriminate or discriminated against Plaintiffs.

4. The SAC's Seventh Claim for Relief fails to state a claim upon which relief can be granted under the Unruh Civil Rights Act (the "Unruh Act") because Plaintiffs do not allege sufficient facts that MHM violated the Unruh Act, that MHM discriminated against Plaintiffs, and that MHM acted with animus towards Plaintiffs, as required for an Unruh Act claim to stand independent of an ADA violation.

5. The SAC's Eighth Claim for Relief fails to state a claim upon which relief can be granted under California Civil Code section 54 because Plaintiffs do not allege sufficient facts that MHM was subject to section 54, that MHM violated section 54, that MHM operates a place of "public accommodation" subject to section 54, and that MHM has control over the IST defendant process other than providing statutorily-required placement recommendation per a court order.

6. The SAC's Ninth Claim for Relief fails to state a claim upon which relief can be granted under California Civil Code section 52.1 (the "Bane Act") because Plaintiffs never even allege any facts suggesting MHM or anyone at MHM deprived Plaintiffs of their rights by way of threats, intimidation, or coercion.

7. The SAC's Tenth Claim for relief fails to state a claim upon which relief can be granted for violation of the right to a speedy triable because Plaintiffs fail to allege this claim against any defendant, nor can delays in the IST process provide the basis for this claim.

Dated: December 7, 2016         SELTZER CAPLAN McMAHON VITEK

                                By:   s/ *Adam Gordon*
                                      Adam Gordon, Esq.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**
**M.S., et al. v. COUNTY OF VENTURA, et al.**
**Case No. 2:16-cv-03084-BRO-RAO**

I hereby certify that on December 7, 2016, I electronically filed the following documents with the Clark of the Court by using the CM/ECF system:

I certify that all participants in the above entitled case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on December 7, 2016, at San Diego, California.

By: s/ *Adam Gordon*
Adam Gordon