Brian A. Vogel (No. 167413)
E-Mail: brian@bvogel.com
Heather A. Quest (No. 186740)
E-Mail: heather@bvogel.com
THE LAW OFFICES OF BRIAN A. VOGEL, PC
770 County Square Drive, Suite 104
Ventura, California 93003
Telephone: (805) 654-0400
Facsimile: (805) 654-0326

Barrett S. Litt (No. 45527)
E-Mail: blitt@kmbllaw.com
David S. McLane (No. 124952)
E-Mail: dmclane@kmbllaw.com
KAYE, McLANE, BEDNARSKI & LITT, LLP
234 East Colorado Boulevard, Suite 230
Pasadena, California 91101
Telephone: (626) 844-7660
Facsimile: (626) 844-7670
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.S., an Individual by and through his Guardian Ad Litem, MARY RODGERS-VEY, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF VENTURA, *et al.*,<br><br>Defendants. | Case No. 16-03084-BRO-RAO<br><br>[Hon. Beverly R. O'Connell]<br><br>**PLAINTIFFS' SECOND REQUEST FOR JUDICAL NOTICE IN SUPPORT OF THEIR OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF BRIAN A. VOGEL**<br><br>DATE: February 27, 2017<br>TIME: 1:30 p.m.<br>CRTRM: 350 W. 1st St., Rm. 7C |

TO THE COURT, TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Pursuant to Federal Rule of Evidence 201, Plaintiffs, by and through their attorneys of record, hereby request the Court to take judicial notice of the following facts:

PLEASE TAKE NOTICE that on February 27, 2017, at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 7C of the above-entitled Court located at 350 West 1st Street, Los Angeles, California, 90012, Plaintiffs Mary Rodgers-Vey as Guardian Ad Litem for M.S., and Adrian Mojica, Guardian Ad Litem for O.M., will, and hereby do, request that the Court consider the following documents filed of record in ruling on Defendants' Motions to Dismiss Plaintiffs' Second Amended Complaint:

1. Certified copy of minute orders in Ventura County Superior Court Case no. 2016030003, *People v Brian Joseph McKenney*; Ex. 5.

2. Certified copy of minute orders in Ventura County Superior Court Case no. 201600123023, *People v. Jayden Anthony Sunder*; Ex. 6.

3. Certified copy of minute orders in Ventura County Superior Court Case no. 2014025449, *People v. Daniel Webster Johnson II;* Ex.7.

4. Certified copy of minute orders in Ventura County Superior Court Case no. 2014025449, *People v. Arturo Valtierra;* Ex.8.

Plaintiffs request judicial notice of these four documents in support of their oppositions to the Motions to Dismiss the Second Amended Complaint.

The grounds for the request for judicial notice are that the foregoing documents are part of the official records of the Ventura County Superior Court, they are not reasonably subject to dispute, the authenticity of both the facts set forth therein and the statements set forth therein are easily verifiable, and are

1  relevant to Plaintiffs' oppositions to all Defendants' motions to dismiss the Second
2  Amended Complaint.
3  Dated: February 22, 2017          LAW OFFICES OF BRIAN A. VOGEL, PC
4
5                                    By: /s/  Brian A. Vogel
                                          Brian A. Vogel
6
7  Dated: February 22, 2017          KAYE, McLANE, BEDNARSKI & LITT, LLP
8                                    By: /s/  Barrett S. Litt
                                          Barrett S. Litt
9                                         Attorneys for Plaintiffs
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# MEMORANDUM OF POINTS AND AUTHORITIES

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows for dismissal of a complaint when there is a "lack of jurisdiction over the subject matter" of the suit. Fed. R. Civ. P. 12(b)(1).  A Rule 12(b)(1) jurisdictional attack may be facial or factual. *White v. Lee,* 227 F.3d 1214, 1242 (9th Cir. 2000).   In a "facial attack," the court's inquiry generally is confined to the allegations in the complaint.  *Id.* By contrast, in a "factual attack," the court may consider extrinsic evidence such as affidavits or other evidence necessary to decide a jurisdictional issue.  *Maya v. Centex Corp,* 658 F.3d 1060, 1067 (9th Cir 2011).

In ruling on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court may take judicial notice "of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment." *United States v. 14.02 Acres of Land,* 547 F.3d 943, 955 (9th Cir. 2008) *(citing Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001).  *Accord, Green v. Uribe,* 2010 U.S. Dist. LEXIS 81444, *1, n. 1(C.D. Cal August 6, 2010) ("[t]he Court takes judicial notice of such 'matters of public record,'' citing *Lee*).

The Court has already taken judicial notice of Exhibits 1 and 2. (Dkt. 62, pp. 10-11).  The Court has not yet ruled on Plaintiffs' request to take judicial notice of Exhibits 3 and 4 (Ex. 3 - California Legislative Analyst Report, "An Alternative Approach:  Treating the Incompetent to Stand Trial", dated January 3, 2012; Ex. 4 - City News Group article detailing expansion of restoration of competency program, San Bernardino County, dated August 31, 2015, quoting Defendant Ahlin about the San Bernardino County ROC program).

Exhibits 5 – 8 are relevant to Plaintiffs' oppositions to Defendants' motions to dismiss the Second Amended Complaint.  These documents confirm that extended wait times continue for pre-trial detainees held in the Ventura County

1

Sheriff's Office Jail who have been found to be incompetent to stand trial ("IST") and have been ordered to be transported for competency restoration services.

Exhibit 5 reveals that Brian McKenney was booked in the Ventura County Jail on August 13, 2016. He was found incompetent to stand trial on November 17, 2016. The Ventura County Superior Court ordered him transferred to Atascadero State Hospital on December 9, 2016. His "1370 Packet," was sent to the Ventura County Sheriff's Transportation Unit on December 21, 2016. On February 14, 2017, the transfer order to Atascadero was vacated. On February 17, 2017, he was ordered to be released for outpatient restorative treatment at CONREP. He was released for outpatient restorative treatment CONREP on or about February 20, 2017, 97 days after he was found IST and 75 days after he was ordered to be transferred to Atascadero.

Additionally, Exhibit 5 confirms that the State Defendants have always had the option of recommending outpatient restorative treatment for IST detainees accused of felonies throughout the class period. For the very first time that Plaintiffs are aware of, outpatient restorative treatment was recommended, and the court ordered it for an IST detainee accused of a felony.

Exhibit 6 reveals that Jayden Sunder was booked in the Ventura County Jail on March 18, 2016. He was found incompetent to stand trial on September 23, 2016. The Ventura County Superior Court ordered him transferred to Atascadero State Hospital on November 10, 2016. His "1370 Packet," was sent to the Ventura County Sheriff's Transportation Unit on December 8, 2016. On or about February 22, 2017, he was released from jail and presumably was transferred to Atascadaro, 152 days since he was found IST, and 104 days since he was ordered transferred to Atascadero.

Exhibit 7 reveals that Daniel Webster was booked in the Ventura County Jail on August 23, 2016. He was found incompetent to stand trial on November 16, 2016. The Ventura County Superior Court ordered him transferred to Atascadero State Hospital on December 7, 2016. His "1370 Packet," was sent to the Ventura County Sheriff's Transportation Unit on December 16, 2016. As of February 22, 2017, he has waited in custody for 98 days since he was found IST, and 77 days since he was ordered transferred to Atascadero.

Exhibit 8 reveals that Arturo Valtierra was booked in the Ventura County Jail on April 26, 2016. He was found incompetent to stand trial on November 7, 2016. The Ventura County Superior Court ordered him transferred to Atascadero State Hospital on November 28, 2016. His "1370 Packet," was sent to the Ventura County Sheriff's Transportation Unit on December 21, 2016. On or about February 22, 2017, he was released from jail and presumably was transferred to Atascadaro, 107 days since he was found IST, and 86 days since he was ordered transferred to Atascadero.

## CONCLUSION

Plaintiffs therefore respectfully request that the Court take judicial notice of Exhibits 5through 8 in consideration of Plaintiffs' opposition to Defendants' motion to dismiss the Second Amended Complaint.

Dated: February 22, 2017        LAW OFFICES OF BRIAN A. VOGEL, PC

                                By: */s/ Brian A. Vogel*
                                     Brian A. Vogel

Dated: February 22 , 2017       KAYE, McLANE, BEDNARSKI & LITT, LLP

                                By: */s/ David S. McLane*
                                     David S. McLane
                                     Attorneys for Plaintiffs

3