UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: CV 16-03084 DSF (RAOx)  Date: March 8, 2018
Title: Matthew Scott et al. v. California Forensic Medical Group et al.

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| Donnamarie Luengo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:** (In Chambers) **ORDER COMPELLING STATE DEFENDANTS TO PRODUCE NAMES AND LAST KNOWN CONTACT INFORMATION OF VENTURA COUNTY IST DETAINEES**

A telephonic status conference was held in this case on February 28, 2018. At the February 28 hearing, Plaintiffs and the State Defendants[1] disputed whether notice must be provided to IST detainees[2] before their names and certain statistical information regarding their commitment to the State Hospitals can be disclosed to Plaintiffs. Plaintiffs agreed to begin the process of providing notice, but contended that the State Defendants should disclose the names and last known addresses of the IST detainees. The State Defendants objected that they could not disclose this information without notice to the IST detainees.

On February 28, 2018, the Court issued a tentative order that would compel State Defendants to produce the names and last known contact information of Ventura County IST detainees. Dkt. No. 164. The parties were given until March 7, 2018 to file any objections. *Id.* The State Defendants filed their Objections on March 6, 2018. Dkt. No. 165 ("State Objections"). Plaintiffs filed their Objections and a Request for Judicial Notice on March 7, 2018. Dkt. Nos. 166-167. The Court has considered both sets of Objections.

---

[1] The Court will refer to Defendants Pam Ahlin and Harry Oreol collectively as the State Defendants.
[2] IST detainees are detainees that have been found incompetent to stand trial.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: CV 16-03084 DSF (RAOx)      Date: March 8, 2018
Title: Matthew Scott et al. v. California Forensic Medical Group et al.

    For the reasons set forth below, the Court OVERRULES the State Defendants' objections and ORDERS the State Defendants to provide to Plaintiffs the names and last known contact information of the Ventura County IST detainees.[3]

**A.**      **Choice of Law**

    In federal court, the federal common law generally governs claims of privilege, but "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 501. "Where there are federal question claims and pendent state law claims present, the federal law of privilege applies." *Agster v. Maricopa Cnty.*, 422 F.3d 836, 839-40 (9th Cir. 2005); *see also A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 190 (C.D. Cal. 2006). Some courts have found that state law protections may be considered in a case governed by federal privilege law as a matter of comity. *See, e.g., Anderson v. Marsh*, 312 F.R.D. 584, 589 (E.D. Cal. 2015) ("Where a litigant has brought federal question claims and pendent state law claims, the federal law of privilege applies. However, as a matter of comity, the federal court should attempt to ascertain the interests that inspire any relevant state doctrine and take into consideration the views of state authorities about the importance of those interests. The ultimate determination regarding the weight to be given to the state interest resides with the federal court." (citations omitted)).

    This a federal question case, so the federal law of privilege applies. The Court will consider as a matter of comity the applicable state law.

**B.**      **Federal and State Law Regarding Privacy of Medical Records**

    "The Supreme Court has recognized a limited privacy interest in the confidentiality of one's medical records, derived implicitly from the United States Constitution. However, this privacy interest in medical records is not absolute. This right is conditional, and a limited impairment of the right may be allowed if properly justified. The state's interest must be balanced against the patient's right to maintain private medical records." *Soto v. City of Concord*, 162 F.R.D. 603, 618-19 (N.D. Cal. 1995) (citations omitted); *see also Hutton v. City of Martinez*, 219 F.R.D. 164, 166 (N.D. Cal. 2003) ("The privacy interest in one's confidential

---

[3] The Court understands that for many of these individuals, the State Defendants are likely to only have a last known address. To the extent the State Defendants have a telephone number or additional contact information, the State Defendants should provide that information as well.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: CV 16-03084 DSF (RAOx)     Date: March 8, 2018
Title: Matthew Scott et al. v. California Forensic Medical Group et al.

medical records is conditional and a limited impairment of the right may be allowed if properly justified.").

HIPAA prohibits disclosure of identifiable protected health information ("PHI") by "covered entities," including health care providers, except as specifically permitted or required by HIPAA. *See* 42 U.S.C. § 1320d-6; 45 C.F.R. § 160.103. A covered entity may disclose PHI in response to a court order, or in response to a discovery request that is not accompanied by a court order where it has (1) received written confirmation that the affected patient or authorized representative has agreed to the disclosure or the time to object has expired, or (2) obtained a "qualified protective order" that prohibits disclosure or use of the PHI for any purpose other than the litigation, and requires the PHI to be returned to the covered entity or destroyed at the end of the litigation. 24 C.F.R. § 164.512(e)(1). However, a covered entity may disclose only the minimum amount of PHI needed to accomplish the permitted purpose. 45 C.F.R. §§ 164.502(b), 164.514(d).

The California Confidentiality of Medical Information Act ("CMIA") also prohibits California health care providers from disclosing medical information, but provides an exception for where there is a court order or a proper discovery request. Cal. Civ. Code § 56.10.

The California Lanterman-Petris-Short ("LPS") Act concerns involuntary commitment of persons with mental health disorders. *See* Cal. Welf. & Inst. Code § 5001. The LPS Act's confidentiality statute, Welfare and Institutions Code Section 5328, requires written patient authorization in most instances, but permits disclosure "[t]o the courts, as necessary to the administration of justice." Cal. Welf. & Inst. Code § 5328.

The California Information Practices Act of 1977 also prohibits disclosure of certain private information, but it does not abridge or limit the rights of litigants under the laws of discovery in California. *See* Cal. Civ. Code §§ 1798.24, 1798.71.

**C.  Analysis**

The Court recognizes the sensitive nature of medical information, but there is no absolute privacy interest in medical records in federal court. The Court must balance the need for disclosure against the privacy interests of the individual.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: CV 16-03084 DSF (RAOx)      Date: March 8, 2018
Title: Matthew Scott et al. v. California Forensic Medical Group et al.

    Here, the parties do not dispute the relevancy of the medical records at issue. With respect to disclosure of only the names and last known addresses of the IST detainees, the Court finds that this information is necessary for Plaintiffs to proceed on both their class certification motion and the merits of their case. In addition, to the extent Plaintiffs must provide notice to the IST detainees before the State Defendants can produce statistical information about the IST detainees, Plaintiffs cannot efficiently proceed with providing notice without the names and last known addresses of the IST detainees.[4]

    The Court concludes that Plaintiffs' need for the names and addresses of the Ventura County IST detainees outweighs the privacy interests of these individuals or the state's interest in maintaining privacy of this information. *See Hernandez v. County of Monterey*, Case No. 13-cv-02354-BLF, 2017 WL 4949263, at *4 (N.D. Cal. Nov. 1, 2017) ("Individual and state privacy interests must yield to the federal interest in discovering whether public officials and public institutions are violating federal civil rights." (citation omitted)). The disclosure compelled here is limited to only names and contact information, and does not involve more sensitive medical information such as medical diagnoses. *See Khalilpour v. CELLCO Partnership*, No. C 09-02712 CW (MEJ), 2010 WL 1267749, at *3 (N.D. Cal. Apr. 1, 2010) (finding disclosure of names, addresses and telephone numbers is common practice in the class action context). Finally, disclosure of this information will be pursuant to an adequate protective order. The Court has considered the relevant California state laws as a matter of comity and finds that this order is not inconsistent with the applicable state laws as they generally provide an exception for disclosure ordered by a court or in response to discovery.[5]

    The State Defendants are ordered to produce a list of names and last known contact information of the Ventura County IST detainees at issue in this litigation. The Court clarifies that the IST detainees at issue are those individuals identified as class members in the Fourth

---

[4] Plaintiffs argue in their Objections that redacted statistical information can be produced without notice. **The parties are directed to meet and confer regarding which categories of statistical information are readily available to the State Defendants, and whether the parties can informally agree to production of redacted statistical information. If the parties cannot resolve their dispute, they should be prepared to discuss this issue and their meet and confer efforts at the <u>March 28 telephonic hearing</u>.**

[5] The Court has also considered the State Defendants' citations to the California Constitution, California Evidence Code section 1014, and two California state cases, *see* State Objections at 2, but finds that they do not warrant a change in the Court's conclusion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  CV 16-03084 DSF (RAOx)                           Date:  March 8, 2018
Title:     Matthew Scott et al. v. California Forensic Medical Group et al.

Amended Complaint, specifically, those individuals found to be incompetent to stand trial in Ventura County, California, during the time period of May 5, 2014, until the present.

The names and contact information of the Ventura County IST detainees shall be marked and maintained as confidential pursuant to an adequate protective order.  The parties indicated that they have tentatively agreed on language for a protective order but will tailor it further in response to the instant order.  To adequately meet the requirements under HIPAA for disclosure in response to a discovery request, the protective order must prohibit the use of protected information for any purpose other than the instant litigation and must provide that the protected information be returned or destroyed at the end of the litigation.  *See* 45 C.F.R. § 164.512(e)(1).  The protective order should also provide for the sealing of any portions of a deposition referencing information marked confidential, and should provide that if a party wishes to file confidential information or any portion thereof, the party shall seek authorization to file the documents under seal according to Local Rule 79-5 and the Court's Standing Order (Dkt. No. 145).  **The parties are directed to file a stipulated protective order within five (5) calendar days of the date of entry of this order.  If the parties cannot agree on the protective order, they shall file their proposed versions within five (5) calendar days of the date of entry of this order.**

The State Defendants shall produce the names and contact information of the Ventura County IST detainees **within 10 court days of the date of entry of the protective order.**

Plaintiffs have raised the objection that because they are not seeking the medical records of the IST detainees, they should not be responsible for providing notice regarding disclosure of medical information.  **The Court directs the parties to meet and confer as to an efficient method of providing notice to the IST detainees of the disclosure of their medical records.  The parties shall be prepared to discuss this issue at the March 28 telephonic hearing.**

**IT IS SO ORDERED.**

                                                                                       :
                                                  Initials of Preparer      dl