JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW SCOTT, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> CALIFORNIA FORENSIC MEDICAL GROUP et al., <br><br> Defendants. | Case No. 2:16-cv-03084-DSF-RAO <br><br><br> ORDER RE FINAL APPROVAL OF CLASS ACTION SETTLEMENT (Dkt. Nos. 276, 277) |

The parties have submitted an Unopposed Final Approval motion and settlement agreement for the Court's review. On review and consideration of the Settlement Agreement (Dkt. 254-2, Ex. A), the Court approves the proposed settlement.

The Named Plaintiffs/Class Representatives are Matthew Scott, an Individual by and through his Guardian Ad Litem, Mary Rodgers-Vey, and Omar Mojica, an Individual by and through his Guardian Ad Litem, Adrian Mojica, on behalf of themselves and others similarly situated.  The Settling Defendants are the

1

following entities (or persons affiliated with them): Pam Ahlin, former Director of California Department of State Hospitals ("DSH"); Harry Oreole, former Director of Patton State Hospital; MHM Services; and CFMG. Individual Defendants associated with CFMG or MHM are to be separately dismissed after final approval of the settlement.

While Defendants continue to dispute the validity of Plaintiffs' allegations, the parties have agreed to enter into this Settlement Agreement to avoid the mutual risks of litigation.

**IT IS ORDERED, ADJUDGED, AND DECREED THAT:**

### I.   The Settlement Agreement is Approved

1. A Fairness Hearing was held on June 7, 2021, to consider the fairness, reasonableness, and adequacy of the Settlement under Federal Rule of Civil Procedure 23(e)(2), including the application by Class Counsel for attorneys' fees and expenses.

2. The Settlement Agreement is approved. The Court finds that the class damages fund of $650,000 (inclusive of litigation, expert, mediation and class administration costs) and $650,000 as compensation for statutory attorneys' fees and costs are within the range of what would constitute a fair, reasonable, and adequate settlement in the best interests of the Class as a whole, and that the terms of the Settlement Agreement otherwise satisfy the Federal Rules of Civil Procedure 23(e) and due process requirements.

3. This Order incorporates by reference the definitions in the Settlement Agreement, a copy of which was submitted as Dkt. 254-2, Ex. A. All terms defined therein shall have the same meaning in this Order. In summary, the class settlement's basic terms, subject to court approval, are as follows:

   a) Defendants will pay, inclusive of costs in this litigation and class administration fees and costs, $650,000 into a Damages

        Class Fund, to be paid as follows: State Defendants: $575,000; CFMG: $25,000; MHM: $50,000.

b)   Defendants will pay attorneys' fees, as follows: State Defendants: $550,000; CFMG: $100,000; MHM: $0.

c)   Plaintiffs' claims for injunctive and declaratory relief will be dismissed with prejudice. Both parties defer to resolution of these issues in *Stiavetti v. Ahlin,* Alameda Co. Sup. Ct. No. RG15779731 (either by Court order or settlement).

d)   The settlement will include mutual releases, including under CCP §1542, and dismissal of the case with prejudice.

e)   Interest against Defendants, if any, will only begin accruing 180 days from the date of final approval of the settlement by the Court pursuant to California Government Code section 965.5(c).

f)   Plaintiffs will separately dismiss Taylor Fithian, Paul Adler, MD, Ronald Pollack, and Marcus Lopez with prejudice prior to entry of the Final Order of Approval of Settlement, and as such they will not be parties to the final settlement approved by the Court.  Pam Ahlin, formerly director of California Department of State Hospitals, and Harry Oreol, Director of Patton State Hospital, were affiliated with the California Department of State Hospitals and Patton State Hospital, and were sued in their individual and official capacities.

g)   Plaintiffs' formula for distribution of the Remainder of the Class Fund available for distribution to Class Members is based on the number of days that, for purposes of this settlement, are designated as Untreated Days. An "Untreated Day" is defined as days over 28 days of wait time.

## II. The Settlement is Fair, Reasonable, and Adequate As Established by Rule 23(e)(2)

4. The settlement satisfies the requirements of Federal Rule of Civil Procedure 23(e)(2). The Court finds that the settlement is fair, reasonable, and adequate pursuant to the following considerations:

    (A) The class representatives and class counsel have adequately represented the class.

    (B) The settlement proposal was negotiated at arm's length.

    (C) The relief provided for the class is adequate, taking into account:

        (i) the costs, risks, and delay of trial and appeal,

        (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

        (iii) the terms of any proposed award of attorney's fees, including timing of payment.

    (D) There are no agreements required to be identified under Rule 23(e)(3).

    (E) The settlement treats class members equitably relative to each other.

5. Class counsel invested substantial time, effort, and resources into litigating this matter. Settlement proceedings commenced only after class counsel had developed a thorough understanding of the evidence through formal and informal discovery. The settlement agreement was negotiated at arm's length before (Ret.) Hon. Irma Gonzalez, a former United States district judge. The settlement represents an excellent outcome to class members especially considering the risk of loss at trial. The negotiated fee award is reasonable and appropriate under the circumstances. All class members are treated equally under the settlement agreement save for the two class representatives who will receive modest incentive awards.

### III. The Incentive Awards are Approved

6. The Court finds that the incentive awards of $2,500 to the two class representatives are appropriate and reasonable. The awards are approved.

### IV. Notice & Results of the Claims Process

7. The Court affirms the appointment of RG2 as the Class Administrator. The Class Administrator has performed all tasks required of it, including establishing a website and call-in numbers, posting the relevant materials to the website, mailing and emailing class notices and following up, and processing claims.

8. Due and adequate notice of the proceedings having been given to the Class and a full opportunity having been offered to the Class to participate in this hearing. As required by this Court, the Class Administrator sent notice packets by regular mail, email, and text message to all persons identified by DSH as class members. The notice given to the Class Members was fully in compliance with the requirements of Rule 23 of the Federal Rules of Civil Procedure.

9. The final class size was initially determined to be 255 unique class members through September 4, 2020, the damages cutoff date. Of the 255, three were later determined to have no untreated days beyond 28 days. This results in a total of 252 class members who satisfy the criteria to share in the settlement distribution. In response to the class notice, there were no objections. There was one exclusion request. There are 47 claim forms from individuals who filed timely claims; there are three late claims.

10. It is determined that all Class Members are bound by this Final Order of Approval and Settlement except for the sole class member who filed an exclusion notice.

11. RG2 shall preserve all written communications from Class Members in response to the Class for at least three years or pursuant to further order of the Court. All written communications received by the Claims Administrator from

Class Members relating to the Settlement Agreement shall be available at all reasonable times for inspection and copying by Counsel for the Parties. The Class Administrator will prepare a list of all rejected claims, with the reasons for rejection, and maintain the list in its case file.

**V.   Payment of the Class Fund, Attorneys' Fees, and Class Administration Fees**

12. The Court approves total administration costs of $27,075. This includes approval of a payment of $25,005 to RG2. It also includes a payment not to exceed $2,070 to John Brown and Associates who were retained to investigate class members' whereabouts and conduct individual outreach.

13. The amount to be distributed to class members is approximately $588,395.84. The class fund is $650,000, inclusive of litigation and administration costs. Total administration costs were $27,075. Total litigation costs were $29,529.16, comprised of $26,664.22[1] incurred by McLane, Bednarski & Litt and $2,864.94 incurred by the Law Offices of Brian Vogel.[2] Incentive awards total $5,000.

**VI.   Attorneys' Fees**

14. The Court approves payment of the negotiated statutory fee award of $650,000 to McLane, Bednarski & Litt for attorneys' fees.[3]

---

[1] Based on the information provided in response to the Court's order dated June 1, 2021, the requested amount was reduced by $48.
[2] The Court provided two opportunities for the Law Offices of Brian Vogel to provide support for the claimed expenses that had been timely requested. Support was provided for only $2,864.94 in costs.
[3] Because this award was a negotiated statutory fee and is not deducted from the award to class members, the Court does not evaluate hourly rates or hours spent. The Court notes that this was a complex and unusual case litigated by experienced lawyers.

### VII. The Settlement Is Effective as of the Date of this Order

15. The effective date of settlement is the date of this Order, which also constitutes the judgment in this case, is entered on the docket. Only objecting class members have the right to appeal an order approving a settlement.

### VIII. Late Claims

16. The Court approves the three late claims submitted prior to entry of this Order. The parties may agree to approve additional late claims submitted before entry of this order. Claim forms not received or postmarked by June 7, 2021, shall not be paid, although such persons shall nonetheless be bound by this Order.

### IX. Final Resolution

17. The Court dismisses this Lawsuit, with prejudice, and without fees or costs to any party except as otherwise expressly provided by this Order.

18. Each and every Class Member other than those who have opted out unconditionally, fully and finally releases and forever discharges Defendants, their agents, servants, officers, officials, and employees, from further claims that arise out of the allegations raised by Plaintiffs in the complaint or any amended complaint in the Lawsuit.

19. This Order is binding on all non opt-out class members and their privies and prevents them from bringing a subsequent suit alleging the same or similar claims for relief as contained in the complaint or in any amended complaint in this lawsuit and based upon facts occurring prior to the execution of the Settlement Agreement.

20. If for any reason the settlement contemplated by the Settlement Agreement does not become effective (whether as a result of further judicial review or otherwise), this Final Judgment and Order of dismissal, including but not limited to the release of claims previously ordered, shall be rendered null and void

and vacated nunc pro tunc; the Parties will revert to the positions they occupied prior to the execution of the Settlement Agreement; and all proceedings in connection with the settlement shall be without prejudice to the status quo ante rights of the Parties to the Lawsuit. In such event, the Parties expressly do not waive, and will not be construed to have waived, any claims, arguments, objections, and/or defenses.

21. The Court retains jurisdiction to enforce the Settlement Agreement's terms, although no party anticipates that there should be any issue regarding implementation of the Settlement Agreement.

22. From the date of this Order forward, each Party shall bear its own costs, including attorneys' fees.

23. Finding that there is no just reason for delay, the Court orders that this Order shall constitute a final judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure. The Clerk of the Court is directed to enter this order on the docket forthwith.

Date: June 22, 2021

*Dale S. Fischer*
Dale S. Fischer
United States District Judge